[No. 21106. Department Two.—November 1, 1894.]

THE PEOPLE, RESPONDENT, *v.* W. F. BAIRD, APPELLANT.

CRIMINAL LAW—FORGERY—EVIDENCE OF SUBSEQUENT OFFENSE.—Upon a trial of an indictment for forgery evidence of the forgery of other instruments about nine months after the alleged commission of the crime charged in the complaint is too remote, and is not admissible.

ID.—CROSS-EXAMINATION OF DEFENDANT.—Where the examination of the defendant is confined entirely to the instrument which he is charged with forging he cannot be cross-examined by counsel for the people in reference to the forgery of another instrument.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Harris & Vickrey*, for Appellant.

The court erred in admitting evidence of the forgery of other instruments after the alleged commission of the crime charged. (*Regina* v. *Oddy*, 5 Cox C. C. 210; *Commonwealth* v. *Shepard*, 1 Allen, 581.) The defendant not having testified as to any other instrument upon his direct examination than that alleged to have been forged, it was error to allow the counsel for the prosecution to cross-examine him as to other instruments. (Pen. Code, sec. 1323; *People* v. *O'Brien*, 66 Cal. 603.)

*Goucher, Jacobs & Jones, Seth Mann, W. H. Hatton, R. B. Terry*, and *L. L. Cory*, also for Appellant.

*Attorney General W. H. H. Hart, Deputy Attorney General Charles H. Jackson, District Attorney W. D. Tupper*, and *Frank H. Short*, for Respondent.

Testimony of other acts of forgery was admissible to show the guilty intent of the defendant. (*People* v. *Gray*, 66 Cal. 271; *People* v. *Neyce*, 86 Cal. 393; *People* v. *Cunningham*, 66 Cal. 668; *People* v. *Hamberg*, 84 Cal. 468.) The cross-examination of the defendant was

proper. (*People* v. *Russell*, 46 Cal. 121; *People* v. *Dennis*, 39 Cal. 625.)

McFARLAND, J.—The appellant Baird and one John Brown were jointly indicted for the crime of forgery; and the appellant, who was tried separately, was found guilty. He appeals from the judgment and from an order denying his motion for a new trial.

There are only two points made by appellant which need to be noticed: 1. That the court erred in admitting evidence of alleged forgeries by appellant other than the one charged in the indictment; and 2. That the court erred in allowing certain questions on the cross-examination of appellant when on the stand as a witness for himself.

1. It is charged in the indictment that appellant and said Brown did falsely, feloniously, etc., make, forge, utter, and pass a certain certificate of shares of stock of the bank of Madera, a copy of said certificate being set forth in the indictment. It was introduced in evidence as "Exhibit 1"; and it appeared from the evidence of the prosecution that the said certificate was uttered and passed on the eighth day of October, 1890. The prosecution were permitted, over the objections and exceptions of appellant, to introduce three other documents marked Exhibits 3, 4, and 5, two of which were certificates of stock, and the other a promissory note, and to introduce evidence tending to show that they were also forged, and that they had been feloniously uttered and passed by appellant. But these latter instruments were not uttered until the latter part of June, 1891, about nine months after the alleged commission of the crime charged in the complaint. Exhibits 3, 4, and 5 bore dates considerably more than a year subsequent to the date of the Exhibit 1. We think that the court erred in allowing these exhibits in evidence. They were too remote, too long subsequent to the time of the act charged in the complaint. This is a dangerous kind of evidence at best. It is an exception to the well-estab-

lished rule that evidence of other crimes cannot be introduced to help along a conviction of the crime charged; and it should not be carried any further than courts have already carried it. No case has been cited which would justify the contention of respondent on this subject in the case at bar.

2. Appellant went on the stand as a witness for himself. His testimony was confined entirely to Exhibit 1, the certificate which he was charged with forging. On cross-examination he was asked by counsel for the people about said Exhibit 3. Objection was made by appellant's counsel on the ground that it was not cross-examination as to a matter about which appellant was examined in chief. The objection was overruled, and appellant excepted. This was error. (*People* v. *O'Brien*, 66 Cal. 602: *People* v. *Bishop*, 81 Cal. 113; *People* v. *Wong Ah Leong*, 99 Cal. 440; *People* v. *Crowley*, 100 Cal. 478.)

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

De Haven, J., and Fitzgerald, J., concurred.