### COOPER v. STATE OF INDIANA.

[No. 24,099. Filed April 20, 1923.]

1. CRIMINAL LAW.—*Uttering Forged Instruments.—Intent.— Evidence of Similar Forgeries.—Admissibility.*—In a prosecution for uttering forged paper it is competent to show that shortly before or after the offense charged the accused uttered similar forged instruments to an extent which makes it improbable that he should have been ignorant of the forgery involved in the prosecution, as bearing upon the intent with which the particular act was done. p. 148.

2. CRIMINAL LAW.—*Uttering Forged Instruments.—Identity.— Intent.—Evidence of Similar Forgeries.—Admissibility.*—In a prosecution for uttering forged paper, by the accused where several acts of similar forgeries were committed by the same

person within a few days and a few miles of each other, and within the territory in which accused represented an employer, as agent, and in each instance the method followed in uttering the forged paper was the same, it was competent for witnesses to identify accused as the person who did those acts, and to prove that at each place a forged check was deposited and a sum of money received, as tending to prove his identity in the particular instance involved in the prosecution, and establish guilty intent.  p. 149.

3. CRIMINAL LAW.—*Uttering Forged Instruments.—Intent.— Evidence of Previous Forgeries.—Admissibility.*—In order that evidence of a different forgery committed by one prosecuted for uttering forged paper at another time and place may tend to prove guilty intent on the part of accused, the offense must be shown to have been committed near enough to time of the particular offense involved to afford some basis for an inference that the same motive which prompted one of the alleged forgeries was present in the commission of the subsequent forgery, and the period of time during which other forgeries may be proved to show intent in a subsequent forgery may be longer when some connection between the acts is shown other than the mere element of time; the determination of the question of time being left to the discretion of the trial court. p. 150.

4. CRIMINAL LAW.—*Uttering Forged Instruments.—Motive.— Evidence.—Admissibility.—Remote Previous Forgery.*—In a prosecution for uttering forged paper, evidence that five years prior to the offense involved accused admitted he had committed a forgery, *held* inadmissible on the question of motive, the previous forgery being an unrelated act.  p. 150.

5. CRIMINAL LAW.—*Uttering Forged Instruments.—Identity.— Evidence of Remote Previous Forgery.—Admissibility.*—In a prosecution for uttering forged paper, evidence that five years prior to the commission of the offense involved accused had admitted that he forged a note *held* inadmissible on the question of identity, since such evidence had no tendency to identify accused as being the same person who passed forged instruments of a different kind under wholly different circumstances and so long after the admission of former guilt was alleged to have been made.  p. 151.

6. CRIMINAL LAW.— *Evidence.— Admissibility.— Photograph of Accused.—Absence of Preliminary Proof.*—In a prosecution for uttering forged paper, the admission in evidence of a photograph identified by a witness as that of accused, who had presented a forged check to her, *held* erroneous, where the photograph was introduced without preliminary proof of when and

where and under what circumstances the photograph was taken or what the witness knew about it. p. 152.

7. CRIMINAL LAW.—*Alibi.—Evidence.—Admissibility.—Deposit Slip in Favor of Accused.*—In a prosecution for uttering forged paper, refusal to admit in evidence a bank deposit ticket in defendant's favor bearing the date of the alleged offense and offered to corroborate testimony that accused was in another city on the day the offense was committed, was not error, where it appeared that the slip may have been made out by defendant and amounted only to an *ex parte* statement by him while not under oath that on the date of the offense he had deposited the amount specified on the ticket in the bank. p. 152.

8. CRIMINAL LAW.—*Evidence.—Admissibility.—Report to Police of Commission of Crime.*—In a prosecution for uttering forged paper, permitting a witness to testify that on the day the alleged offense was committed she "gave a description" to the chief of police, but without stating what she said or what the description was, *held* not prejudicial to accused, such testimony amounting to no more than a statement that she reported the commission of the crime. p. 152.

9. CRIMINAL LAW.—*Exclusion of Evidence.—Failure to Make Offer to Prove.*—In a prosecution for uttering forged paper, it was not error to sustain an objection to a question concerning the time checks "are perforated" at a certain bank, where no offer was made to prove anything by the answer, and it was more than nine weeks after the date marked on the check by the perforation before the trial began, and no showing had been made that at the date marked by the perforation there had been an established practice in that bank as to the time of perforating checks that were paid nor that the witness knew what practice, if any, was followed. p. 152.

From Clay Circuit Court; *Thomas W. Hutchinson,* Judge.

Prosecution by the State of Indiana against William W. Cooper. From a judgment of conviction, the defendant appeals. *Reversed.*

*Overson & Manning* and *B. C. Moon,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was convicted of uttering and passing as genuine to the Riddell National Bank of

Brazil, Indiana, on July 23, 1921, a certain forged check for $750, which purported to have been signed by William W. Houk, and indorsed by A. S. Calhoun, to whom it was made payable. Overruling appellant's motion for a new trial is the only error assigned.

The evidence introduced by the state was to the effect that the check was drawn on the First National Bank of Brazil, Indiana, and that William W. Houk, and A. S. Calhoun were persons of good repute and credit in that vicinity; that, under the name of A. S. Calhoun, appellant opened an account at the Riddell National Bank and asked and obtained credit for a deposit of $500, and $250 in money, in exchange for the check, between nine and ten o'clock in the forenoon of July 23, 1921; that about nine o'clock the same forenoon appellant presented to the Citizens National Bank of Brazil, Indiana, another forged check for $750, which purported to have been drawn by William W. Houk, on the First National Bank of Brazil, Indiana, in favor of J. S. Williams, and under the name of J. S. Williams, asked and obtained credit for a deposit of $500, and $250 in money, in exchange for that check; that when he was at each bank he wore a blue shirt with collar attached, without a coat, and said that he was a farmer; that at half past nine that forenoon appellant went to a hotel in Brazil, carrying his coat on his arm, and in a room there changed his faded blue shirt for a light-colored dress shirt, put on a collar and tie and his coat, paid twenty-five cents for the use of the room, hired a taxicab for $7, and drove along the route of an interurban railroad to Terre Haute, making the trip in thirty-five or forty minutes; that five days later, at about ten minutes past nine in the forenoon of July 28, 1921, appellant presented to the Farmers Trust Company, of Columbus, Indiana, a check purporting to have been drawn on the First National Bank of Columbus,

by A. M. Remy, in favor of R. S. Thomas, for $750, and under the name of R. S. Thomas obtained credit for $500, and $250 in money; and that about half past nine the same forenoon appellant presented to Irwin's Bank, at Columbus, Indiana, a forged check for $850, which purported to have been drawn by A. M. Remy, of Columbus, in favor of A. P. Collier, and under the name of A. P. Collier obtained from that bank credit for a deposit of $500, and $350 in money. In each instance he wore a blue shirt, without a coat, and said that he was a farmer, and in each instance the person whose name had been affixed to the check, and the farmer in whose favor it purported to have been drawn, by whom it purported to have been indorsed, and in whose name he obtained the money and made the deposit, was a person of good credit.

Appellant was arrested on September 20, 1921, and his trial commenced on the twenty-ninth. He did not testify, and the only defense offered was one of mistaken identity, defendant's witnesses testifying that he was in Kokomo, and did certain acts there in the forenoon of July 23, 1921, at about the time when the forged check was deposited in the bank at Brazil, and also at noon that day, and that he had long worn gold fillings in his teeth, which none of the witnesses had observed when they said they saw and talked with him at Brazil and Columbus.

Appellant objected to the introduction in evidence of the check deposited with the Farmers Trust Company at Columbus, five days after the crime was alleged to have been committed, for which he was on trial, but the court overruled the objection and admitted the evidence "for the sole and only purpose of going to the intent with which the party may have uttered this instrument, if the jury find that he did." It is insisted that "evidence of subsequent crimes

is inadmissible," and many cases are cited by counsel for the appellant where such evidence was held inadmissible in prosecutions for rape, incest, and receiving stolen goods. But counsel have cited no decisions to that effect in prosecutions for forgery. All the authorities in Indiana and the great weight of authority throughout the country hold that in a prosecution for uttering forged paper it is competent to show that shortly before or shortly after the event charged, the accused uttered similar forged instruments to an extent which makes it improbable that he should have been ignorant of the forgery, as bearing on the intent with which the particular act was done. *McCartney* v. *State* (1852), 3 Ind. 353, 56 Am. Dec. 510; *Harding* v. *State* (1876), 54 Ind. 359, 365; *Thomas* v. *State* (1885), 103 Ind. 419, 432, 433, 2 N. E. 808, and authorities cited; *State* v. *Allen* (1899), 56 S. C. 495, 35 S. E. 204; *State* v. *Murphy* (1908), 17 N. D. 48, 115 N. W. 84, 17 L. R. A. (N. S.) 609, 16 Ann. Cas. 1133; *Schultz* v. *United States* (1912), 200 Fed. 234, 118 C. C. A. 420; *Commonwealth* v. *Coe* (1874), 115 Mass. 481, 501; Wharton, Criminal Evidence (9th ed.) §§34, 35, 39; 2 Wharton, Criminal Law (11th ed.) p. 1142, §920. And many authorities hold that, where a number of like offenses were committed in a like manner, as if by following a novel system, evidence that the accused committed one of such offenses is competent on the question of his identity as the person who committed another for which he is on trial. *McGlasson* v. *State* (1897), 37 Tex. Cr. 620, 40 S. W. 503, 66 Am. St. 842; *Thomas* v. *Commonwealth* (1922), 194 Ky. 491, 239 S. W. 776; Wharton, Criminal Evidence (10th ed.) §§34, 39; Underhill, Criminal Evidence (2d ed.) §91; 12 R. C. L. p. 167, §30.

The several acts proved in the case at bar were all done within a few days, within a few miles of each

2. other, within the territory in which appellant represented an employer, as agent, and in each instance the method followed was the same, with almost the same result.   It was clearly competent for witnesses to identify appellant as the person who did all of those acts, and to prove that at each place a forged check was deposited and a sum of money received, as tending to prove his identity in the particular instance, and to establish that what he did was done with guilty intent.

3, 4. Appellant complains of the admission, over his objections, of certain evidence to the effect that in December, 1916, four years and a half before the time when the alleged offense was committed for which appellant was being prosecuted, appellant had admitted to the witness, Thomas Paul Jones, that he forged the name of "T. P. Jones" to a note dated July 11, 1916, purporting to be a promise that five months after date said "T. P. Jones" would pay to appellant a sum of money, and had indorsed said note to another; that upon his confession Mr. Jones had promised not to prosecute him if he would take up the note, but that appellant "didn't settle it."   This was error.   In order that evidence of a different forgery committed by the accused at another time and place may tend to prove guilty intent on the part of the accused, the offense must be shown to have been committed within such a period of time before or after the commission of the particular offense as to afford some basis for an inference that the same motive which prompted one of the alleged forgeries was present when the other was committed.   The period of time during which other acts may be proven may be longer when some connection between the acts is shown other than the mere element of time.   And the question of time is largely for the trial court, in the exercise of a sound discretion.

But proof of unrelated acts done and admissions made four or five years before the time of the alleged offense for which the defendant was on trial was clearly inadmissible on the question of motive. *People* v. *Canfield* (1916), 173 Cal. 309, 159 Pac. 1046; *Morris* v. *State* (1847), 16 Miss. (8 Smedes & M.) 762, 772; *People* v. *Baird* (1894), 104 Cal. 462, 463, 38 Pac. 310; *Horn* v. *State* (1912), 68 Tex. Cr. 89, 150 S. W. 948; *Thomas* v. *Commonwealth, supra; People* v. *Dickie* (1891), 62 Hun. 400, 17 N. Y. Supp. 51.

Neither could such evidence tend to identify appellant as the person who passed forged instruments of a different kind, under wholly different circumstances, so long after the admission of former guilt was alleged to have been made. An admission that he had forged a promissory note four or five years before the forgery of the check for which he was on trial had no tendency to identify him as the person who committed the latter offense, which he denied. *People* v. *Canfield, supra;* Wharton, Criminal Ev. (10th ed.) §34, note. Evidence of a different forgery committed three years before was held inadmissible by the Supreme Court of Mississippi. *Morris* v. *State, supra.* And evidence of a different forgery committed nine months before was held too remote in California. *People* v. *Baird, supra.*

And in the absence of anything about the manner in which the different forgeries were perpetrated tending to show that all were committed by the same person, evidence of other forgeries committed a month and two months after the one for which the defendant was on trial was held inadmissible in Kentucky. *Thomas* v. *Commonwealth, supra.*

For error in admitting this evidence the judgment must be reversed.

Appellant complains of the testimony of the bank

teller that a photograph shown to her was a photograph of William W. Cooper, who presented the

6. check to her.   The introduction of this evidence without preliminary proof of when and where and under what circumstances the photograph was taken, or of what the witness knew about it, was erroneous.

Appellant offered to read in evidence a deposit ticket for $500 in favor of appellant in the Farmer's Trust and Savings Bank of Kokomo, bearing the date of

7. July 23, 1921, to corroborate the testimony of the cashier and other witnesses that appellant was in Kokomo in the forenoon of that day, and an objection that it was "self serving and hearsay" was sustained. So far as appears from the recital of the evidence in appellant's brief, the slip may have been made out by appellant, who did not testify, and may have amounted only to an *ex parte* statement by him, when not under oath, that under date of July 23, 1921, he deposited $500 in currency in the bank.   No error was committed in excluding this evidence.

Appellant complains that a witness was permitted to testify that on the day the alleged offense was committed, she "gave a description" to the chief of

8. police, but without stating what she said to him or what the description was.   This amounted to no more than a statement that she reported the commission of the crime, and could not have prejudiced appellant.

An objection was sustained to a question asked of the witness Addington concerning the time when checks "are perforated" at a certain bank, of which rul-

9. ing appellant complains.   But there was no offer to prove anything in answer to the question, and it was more than nine weeks after the date marked on the check by the perforation under inquiry before the

trial began. The witness had already testified that he did not know when or by whom the particular perforation referred to was made nor at what time in the day it was made if made on the date indicated by the words cut into the paper. It did not appear that at the date so marked by the perforation there had been an established practice in that bank as to the time of perforating checks that were paid, nor that the witness knew what the practice was, if there had been one. The exception to this ruling was not well taken. Other. questions argued by counsel may not arise upon another trial.

For the errors indicated, the judgment is reversed, with directions to sustain appellant's motion for a new trial.