EVERETT E. BEACH v. STATE.

No. A-4458.   Opinion Filed July 26, 1924.
Rehearing Denied Dec. 8, 1924.
(230 Pac. 758.)

(Syllabus.)

1.    Appeal and Error—False Pretenses—Fraudulent Intent Gist of Offense of Obtaining Money by Bogus Check—Verdict not Disturbed Where Finding of Such Intent Supported by Competent Evidence.   Fraudulent intent is the gist of the offense of obtaining money by means of a bogus check.

(a) Where there is competent evidence supporting a finding of such intent, the verdict of the jury will not be disturbed, because there is some testimony tending to indicate there was no such fraudulent intent.

2.    Evidence—Other Bogus Checks in Prosecution for Passing, Admissible to Show Knowledge, Intent, or System.   The admission of other checks given by defendant when he had no funds to meet them was not error, under the circumstances in this case. Such evidence was admissible to show fraudulent intent, guilty knowledge, and a plan or system to obtain money in such manner, and came within the exceptions to the rule that proof of other crimes is not admissible against one charged with a particular single offense.

3.    False Pretenses—Crime of Obtaining Money by Bogus Check, Completed When—Guilt not Affected by Subsequently Securing Debt for Which Bogus Check Passed.   The crime of obtaining money by means of the bogus check was completed at the time the check was uttered and passed, and the fact that the defendant subsequently gave the prosecuting witness security for the debt owing him, by reason of this transaction, does not affect the question of his guilt.

Appeal from District Court, Logan County; C. C. Smith, Judge.

Everett E. Beach was convicted of passing a bogus check, and he appeals. Affirmed.

Lillard & Edwards, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J. Everett E. Beach, plaintiff in error, here designated the defendant, was, by verdict of a jury rendered in the district court of Logan county, on March 15, 1922, found guilty of the crime of passing a bogus check. Subsequently, a motion for a new trial was made and overruled, and thereafter the court rendered judgment on the verdict, fixing the punishment of the defendant at imprisonment in the state penitentiary for a term of 18 months.

The record discloses that the defendant, with George Schwake, the prosecuting witness, a cigar salesman, and Oscar Trimm, was interested in selling units or subdivisions of an oil lease; that the defendant from time to time induced the prosecuting witness to cash checks drawn on local and on out of town banks for the purpose of paying defendant's personal expenses, in connection with the sale of these units and to pay the cost of blue prints, stationery, etc. Some of these checks were in the cash till, in charge of the prosecuting witness, originally unpaid for want of funds, when the defendant asked for and received $20 in cash for the $20 check here in controversy, drawn and delivered to the prosecuting witness. At this time the prosecuting witness had been reimbursed for all prior rejected checks. The payee bank refused payment on the check here in controversy, because of insufficient funds on deposit to cover the same.

The evidence of intent to defraud was in part circumstantial. The defendant claimed that the giving of these checks, in the manner and under the circumstances disclosed in the record, was in effect a loan from the prosecuting witness to the defendant, and so understood by both parties; that it was the defendant's intention to redeem this and other checks so soon as sufficient units were sold to enable him to do so, and that the prosecuting witness so understood it and approved of the transactions at the time; and that therefore there was no intent to defraud the prosecuting witness, or any other person.

There was some slight evidence tending to substantiate this claim of the defendant. The fact that this prosecution was not commenced until months later, after the oil lease enterprise had proved profitless, lends color to the defendant's claim, and the prosecution may have been instituted chiefly for the purpose of inducing the defendant to make good on this check. On the other hand, the prosecuting witness claims that he was deceived, that the defendant had promised to cease issuing checks when he did not have sufficient funds to meet them, and he assumed at the time he cashed it that the defendant had funds on deposit in the payee bank to pay this particular check. There was evidence to support both theories, and since the jury found against the claim of the defendant on this issue, this court, under the circumstances disclosed by the record, would not be justified in setting aside the findings of the jury. Fraudulent intent is the gist of this kind of a case. Bennett v. State, 21 Okla. Cr. 27, 204 Pac. 462. And where there is competent evidence to support a finding of such intent, under the statute sometimes known as the "bogus checks" statute, the verdict of the jury will not be disturbed because there is some evidence indicating that there was no fraudulent or evil purpose.

It is urged by defendant that each of the other unpaid checks admitted in evidence represented a distinct and separate offense, if offenses they were, and that evidence as to them was wholly irrelevant and immaterial, in consideration of the charge at bar, and that the introduction of such evidence was highly prejudicial to the rights of the defendant. The general rule is that, on a prosecution for a particular crime, evidence which tends to show that the accused has committed another similar crime is inadmissible, but there are several well-defined exceptions to this rule; the exceptions being as much recognized as the rule itself. Some of these exceptions are as follows:

(1) Where the nature of the crime is such that guilty knowledge must be proved, evidence is admissible to prove that, at another time and place not too remote, the accused committed or attempted to commit another crime similar to the one charged.

(2) Where the question is whether a certain act was intentional or accidental, evidence to show that the accused intentionally committed similar acts before is relevant to show intent.

(3) Where the crime charged is a part of a plan or system, evidence of other crimes, near to it in time and of similar character, is relevant, as touching the question of intent.

The prosecuting witness was a cigar salesman, and also interested in the sale of these units. The evidence as shown by the record relative to the facts was explanatory of the intent of the defendant in procuring money on this particular check. Moreover, the evidence of these other transactions was to the advantage of the defendant, rather than otherwise, as tending to show that this particular transaction was in good faith, or at least with the assent of the prosecuting witness,

who the defendant claims had knowledge of all the facts surrounding these transactions. There was no error on the part of the court in permitting this evidence to go to the jury. State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807; Herndon v. State, 16 Okla. Cr. 586, 185 Pac. 705; Winston v. State, 16 Okla. Cr. 648, 185 Pac. 832.

The fact that the defendant, after these transactions, gave the prosecuting witness some kind of security for all indebtedness owed him by the defendant, including this particular check, makes no difference. The crime, if a crime was committed, was completed at the time the check was uttered and passed.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.