Robert Aubrey LEWIS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12640.

Criminal Court of Appeals of Oklahoma.

Feb. 4, 1959.

Homer Thompson, Public Defender, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Robert Aubrey Lewis, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Forgery, 2nd degree after former conviction of a felony.

Defendant was tried before a jury, found guilty, and sentenced to serve 12 years in the Oklahoma State Penitentiary.

The record reflects that the defendant passed a forged check in the amount of $34 to one Clarence Hicks, the operator of a variety store on NW 10th in Oklahoma City. The check was passed in exchange for $12 worth of merchandise and $22 in cash. The check was made payable to Byron L. Barnhart and signed by Mrs. J. R. Polson. The defendant represented himself as Barnhart and showed identification consisting of a driver's license and a social security card, both of which were made out to Byron Larue Barnhart. The defendant endorsed the check as Barnhart and the check was accepted by Hicks and the merchandise and cash were taken by the defendant. The check was not honored by the bank for the reason there was no such account. The state then proceeded to introduce evidence of four other checks given in a similar manner to other places of business in Oklahoma City, all within a period of 20 days. The defendant objected to the evidence as tending to prove other offenses unrelated to the crime for which defendant was being tried. The evidence and exhibits were admitted by the trial judge on the theory of bearing on the intent and to show course of conduct with reference to the charge for which defendant was being tried. The

jury was instructed that such evidence "may or may not in your judgment tend to identify the accused with the particular offense charged or as it may or may not in your judgment tend to show that the act charged in the information was a part of a common scheme or plan including other similar acts: or as it may or may not in your judgment explain the motive or intent with which the particular act charged in the information was committed * * *".

The court further instructed that:

"You may not consider the evidence of such other acts for any other purpose, and you shall not consider such evidence, tending to prove such other acts, as any proof of the particular act charged in the information."

The defendant appeals to this court upon one assignment of error: That the introduction of evidence of other distinct and separate crimes constitute error.

It is not necessary to elaborate in detail upon this issue as the question has been before this court on other occasions and the court has held adverse to defendant's contentions.

This court passed upon this question in the case of Reniff v. State, 53 Okl.Cr. 448, 13 P.2d 592. In that case the court said:

"It is also argued that the court erred in admitting testimony of other offenses. There was testimony that defendant at about the same time under similar circumstances passed several other forged checks in the same manner as the check, and for approximately the same amount in this case. This was admitted under the well-settled rule that proof of other offenses of similar character, and near in point of time, is relevant and admissible to show a system of criminal action and the knowledge and intent of the accused and to show the act charged was not an inadvertence. The testimony was clearly competent."

In the case of Beach v. State, 28 Okl. Cr. 348, 230 P. 758, the court said:

"The admission of other checks given by defendant when he had no funds to meet them was not error, under the circumstances in this case. Such evidence was admissible to show fraudulent intent, guilty knowledge, and a plan and system to obtain money in such manner, and came within the exceptions to the rule that proof of other crimes is not admissible against one charged with a particular single offense."

Also see People v. Brown, 72 Cal.App.2d 717, 165 P.2d 707; Boyer v. State, 68 Okl.Cr. 220, 97 P.2d 779; Vanderslice v. State, 59 Okl.Cr. 192, 57 P.2d 267.

For innumerable authority to support this rule see Annotation 34 A.L.R.2d 779; also 22 C.J.S. Criminal Law § 691, p. 1135.

A thorough review of these cases will reveal that the well established rule that evidence of another offense is not admissible in a criminal trial, has been recognized in the vast majority of the cases considering the matter, as subject to the limitations that, in forgery prosecutions, evidence of other acts of forgery is admissible.

However, this limitation to the general rule is only permitted to prove intent or motive, or guilt, knowledge, or identity, or to show a common scheme or plan. Such evidence is never admissible to prove the corpus delicti—to prove that the forgery charged was actually committed or to prove that the accused is a criminal generally. In the application of this exception to the general rule, various factors are to be considered in determining the admissibility of evidence of other acts of forgery. There must be a similarity between the several acts as to method used, proximity of time and location, etc.

It is to be noted that in the instant case the factors determining the admissibility of the other acts showed that the checks were all given within 20 days of the principal offense. That the same method of operation was used. The same method of identification was employed and said forgery all attempted in same county.

A review of the authorities will reveal a disagreement as to whether acts occurring subsequent to the principal are admissible, but the majority view is that the fact that such other acts did not precede the offense charged does not render the evidence inadmissible. Since this rule is an exception to the general rule, the court should be most cautious in applying the factors as to time, similarity, vicinity, and method of operation. It was said in the case of People v. Baird, 104 Cal. 462, 38 P. 310, 311:

"This is a dangerous kind of evidence at best. It is an exception to the well-established rule that evidence of other crimes cannot be introduced to help along a conviction of the crime charged; and it should not be carried any further than the courts have already carried it."

From a review of the testimony the court is of the opinion that the admission of the other checks come within the exception to the general rule and they were admissible to show intent or common scheme or plan and their admission did not constitute error.

The case is therefore affirmed.

POWELL, P. J., and BRETT, J., concur.