MICHAEL STONE *v*. STATE OF INDIANA.

[No. 1270S298. Filed May 3, 1972.]

*James F. Thompson,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for appellee.

DeBRULER, J.—The appellant was found guilty by a jury in the Monroe Superior Court of two crimes: conspiracy to commit a felony, to-wit: forgery, and uttering a forged document. On this appeal, the appellant urges that (1) the evidence introduced against him was insufficient as a matter of law, and (2) the trial court erred in admitting certain bad checks received by various persons at about the same time that the check mentioned in the affidavit was received and dishonored.

In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

Viewing the evidence in this light, it is clear that sufficient evidence exists in this case to sustain the verdict of the jury. In simple terms, the appellant is charged with knowingly passing a bad check in a grocery store in Bloomington, Indiana, and with conspiring and agreeing with others to commit such

an act. In support of these charges, the State relied on the testimony of an accomplice, who testified in detail as to the forging and passing of the bad check, as well as the testimony of the grocery clerk who testified that, on the day in question, the appellant came into the store alone and asked that she cash a check which he had, and that she did cash the check because she had known the appellant and his family since he had been a little boy.

The accomplice testified that he and the appellant met a friend at a motel near Bloomington. The friend had in his possession payroll checks from a stone company which had been defunct for more than ten years, and the three friends decided to forge the checks and attempt to cash them. It was decided that the checks would be made out to the appellant, and that he would cash the checks. The accomplice further testified that all three drove to the grocery store in question and that the appellant went into the store by himself and came back with the money. He further testified that the practice during those few days was to write out a few checks at the motel, go and cash them, and then return to the motel and write more checks to be cashed.

The law is well settled in this State that a person may be convicted upon the uncorroborated testimony of an accomplice. *Asher* v. *State, supra.* Furthermore, in this case the accomplice's testimony is corroborated by the unequivocal identification of the appellant by the grocery clerk. The evidence in this case amply supports the verdict of the jury.

Secondly, the appellant argues that the court erred in allowing into evidence four other checks which were cashed in the same two or three day period in or about Bloomington, Indiana, and which were not mentioned in the charging affidavit. These four checks which were introduced into evidence all bore the appellant's name as payee, and were endorsed in the name of the appellant. In addition, they were all drawn

on the account of the same defunct stone company, all written on similar printed checks bearing check numbers in close order, and all passed in the same area within two or three days of each other.

The appellant argues that since three of the four individuals who cashed the dishonored checks which were made out to the appellant could not identify the appellant as the one who cashed them, that those dishonored checks should have been excluded from evidence. However, the appellant was identified as the one who cashed the checks by the accomplice so that any extra identification supplied by other witnesses is not necessary. We said in *Todd* v. *State* (1951), 229 Ind. 664, 101 N. E. 2d 45, that:

> " 'All the authorities in Indiana and the great weight of authority throughout the country hold that in a prosecution for uttering forged paper it is competent to show that shortly before or shortly after the event charged, the accused uttered similar forged instruments to an extent which makes it improbable that he should have been ignorant of the forgery, as bearing on the intent with which the particular act was done. . . . And many authorities hold that, where a number of like offenses were committed in a like manner, as if by following a novel system, evidence that the accused committed one of such offenses is competent on the question of his identity as the person who committed another for which he is on trial. . . .' *Cooper* v. *State* (1923), 193 Ind. 144, 149, 139 N. E. 184. Other similar acts or offenses are also relevant in a charge of issuing a fraudulent check to evidence of fraudulent intent, design, scheme and plan. *Huffman* v. *State* (1933), 205 Ind. 75, 185 N. E. 131." 229 Ind. at 672-673.

Nor is such a positive identification essential in a case such as this because the checks themselves would be admissible to show a uniform method and design in the actions of the appellant. The general rule in Indiana in this area was well-stated in *Smith* v. *State* (1939), 215 Ind. 629, 21 N. E. 2d 709, 711, quoted with approval in *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570, where it was said:

" 'Where the circumstances surrounding the offenses other than that charged are of a similar nature, showing use of similar or peculiar instrumentalities in the  commission on each offense, or employment of a uniform scheme or method, evidence of such offenses is both relevant and material and is admissible as having probative force to prove the defendant guilty of the particular crime charged.' " 229 Ind. at 103-104.

Verdict of the jury affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 799.