Charles WOOLDRIDGE, a/k/a Bud Wooldridge, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16965.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1972.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

BUSSEY, Presiding Judge.

Appellant, Charles Wooldridge, a/k/a Bud Wooldridge, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Pittsburg County, Oklahoma for the offense of Obtaining Property of Value of More than Twenty Dollars ($20.00) by Means of a False and Bogus Check. His punishment was fixed at one (1) year imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Barbara Allen testified that she was employed by the Farmer's National Livestock Commission Company. On August 24, 1970, she received a check in the amount of Four Thousand Two Hundred Seventy Dollars and Seventy-five cents ($4,270.75) from the defendant as payment for twenty-eight (28) head of cattle he purchased. She testified that she wrote the amount on the check.

Elmer White testified that he operated the Farmer's National Livestock Commission Company. He testified that on August 24, 1970, he was present at the auction when the defendant purchased some cattle. He identified State's Exhibit 1 as a check he received from the defendant for the purchase of the cattle. He testified that the check was deposited in his bank for collection and later returned, marked "insufficient funds." After getting the check back, approximately one (1) week later, he drove to the defendant's home town and talked to defendant and his father about the check. He attempted to make some type of arrangements to give the defendant time to pay for the check on a term basis. Defendant's father first stated; "that he thought he could make such arrangements, and later said he didn't think he could." He testified that he tried on other occasions to work something out with the defendant. He testified that he subsequently received a letter from Tulsa, wherein the defendant had listed him as a creditor in his bankruptcy case.

The defendant testified that he was self-employed as a cattle buyer. He had been doing business with the Farmer's National Livestock Commission Company, for roughly two (2) years. He testified that he had previously purchased cattle from Boyd Adams and paid for them by a One Thousand Five Hundred Thirty-five Dollars and Twenty-eight cents ($1,535.28) check. He received a communication from Adams' Company that they had misplaced his check. He obtained a cashier check in the amount, from his bank and delivered it to Adams on the same day. He testified that his bank records showed a balance of approximately Forty-nine Hundred Dollars ($4,900.00) after the withdrawal. At the end of the month he found out that the check he had given to Adams, originally was processed through his account. He received word from his bank on September 4th, that they had seized his checking account, his livestock, farm machinery, and everything he owned, in payment of notes previously executed by him. He testified that to his knowledge, he was not delinquent on any of the notes.

Boyd Adams testified in rebuttal, that the defendant had in fact given him two (2) checks. He testified that he did not lose the first check, but rather that it came back from the bank unpaid. He testified that the check was subsequently run through the second time and that it cleared. When he found out that both checks had been cashed, he notified the defendant. The defendant told him that he should pay Eight Hundred Dollars ($800.-00) to the Pittsburg County Livestock Commission and "give Mr. White the balance."

The first proposition asserts that the trial court committed reversal error in summarily overruling defendant's motion to quash the information in refusing to read or consider the transcript of the preliminary hearing. The record before this Court, reflects the following minute:

"Offer of proof by Terry Meltzer, attorney for defendant. Let the record show that the court declined and refused to consider the transcript of the preliminary hearing in ruling on the motion to quash and that the Court also felt it had no authority to review the evidence presented at preliminary hearing contained in the transcripts; and that the court further felt that it was encumbent upon the defendant at this point to present evidence, other than transcript of the preliminary hearing, in support of his motion."

We are of the opinion that the trial court erred in refusing to review the evidence presented at the preliminary hearing, prior to ruling on defendant's motion to quash. However, under the particular circumstances of the instant case, we do not deem the same to be fundamental error. We have examined the evidence presented at the preliminary hearing, which has been made a part of this record and are of the opinion that the evidence was sufficient to warrant, binding the defendant over to stand trial. In Capes v. State, Okl.Cr., 450 P.2d 842, we stated:

"* * * a preliminary hearing is not a trial and does not require sufficient evidence to convict the defendant, but only to show that a crime was committed and the probability that the defendant at the bar may have committed the crime."

We therefore, find this proposition to be without merit.

The final proposition contends that the verdict is not supported by the evidence and the State failed to establish the intent of the defendant to defraud at the time he issued the check in question. We are of the opinion that the question of intent was a proper question for the jury. In Armstrong v. State, 74 Okl.Cr. 42, 122 P.2d 823, the court stated:

"[2] The state made a prima facie case by showing that defendant obtained cattle for the checks; that the checks were presented and payment refused within thirty days from the date of delivery of the check; that the defendant did not have sufficient funds in the bank to pay any of the checks; and that the checks were not paid by the defendant within five days after the drawee refused payment. Defendant offered evidence of having no intent to defraud by showing the custom of cattle buyers, by stating to Marlow and Faries that he did not have sufficient funds in the bank, and by having the proceeds from the sale of the cattle put into check form so that the outstanding checks would be honored.

[3] The intent of defendant thus became a question of fact for the court, who was sitting in this case without a jury, to decide.

[4–5] In Beach v. State, 28 Okl.Cr. 348, 230 P. 758, this court held: 'Fraudulent intent is the gist of the offense of obtaining money by means of a bogus check.

'(a) Where there is competent evidence supporting a finding of such intent, the verdict of the jury will not be disturbed, because there is some testi-

mony tending to indicate there was not such fraudulent intent.' "

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.