John PENN, a/k/a Alex Jordan,
Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–406.

Court of Criminal Appeals of Oklahoma.

July 3, 1984.

James E. Wallace, Grove, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Thomas E. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

John Penn was convicted of two charges of Obtaining Merchandise by Bogus Check, After Former Conviction of Two or More Felonies, in Ottawa County District Court Cases No. CRF–79–177 and CRF–79–261. He was sentenced to twenty (20) years in prison on each charge. We affirm.

### I.

Appellant first contends that the evidence was insufficient to support the verdict.

■ When the sufficiency of the evidence at trial is challenged on appeal, the proper test is whether a prima facie case has been presented. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). The substantive charges in this case were filed under the provisions of 21 O.S.1981, § 1541.1, et seq. The State makes a prima facie case by showing that the defendant obtained the thing of value for the checks; that the checks were presented and payment refused within thirty days from the date of delivery of the checks; that the defendant did not have sufficient funds in the bank to pay any of the checks; and that the checks were not paid by the defendant within five days after the drawee refused payment. Cf, *Wooldridge v. State*, 502 P.2d 348 (Okl. Cr.1972); and *Armstrong v. State*, 74 Okl.Cr. 42, 122 P.2d 823 (1942).

■ Viewed in light of these principles, the evidence was clearly sufficient. Appellant purchased three women's dresses from a Miami, Oklahoma, dress shop on September 1, 1978, tendering a check drawn on his business account at the Miami National Bank for the full amount, two hundred dollars and twenty cents ($200.20). Three days later, he bought automotive merchandise from a Miami area department store for fifty-one dollars and twenty-nine cents ($51.29), using a check drawn on the same account.

The business practice of both the merchants called for the deposit of receipts within a day or two after the sale, and it was believed that appellant's checks were so deposited. At any rate, the checks were received by appellant's bank on September 7, 1978. The bank immediately refused payment due to insufficient funds. A notice addressed to appellant that day reflects that nine other checks were also returned for the same reason. The checks totalled two thousand, one hundred and seventy-seven dollars and forty-six cents ($2,177.46), while bank records reflect that the account was then overdrawn five dollars and seventy-five cents ($5.75).

During the period from August 31 through September 26, 1978, a total of seventeen checks with a value of four thousand, six hundred and fifty-seven dollars and forty-six cents ($4,657.46) were re-

turned due to insufficient funds. Representatives of the dress shop and department store testified that, to the best of their knowledge, the two checks in question were never paid; this was confirmed by appellant's offer at trial to make restitution.

We conclude that the State presented a prima facie case. Appellant's testimony that he thought there was sufficient funds to cover the checks; evidence that a five hundred dollar check deposited by appellant and held for collection by the bank was never credited to the account because the maker stopped payment; and appellant's testimony that he was not notified of the dishonored checks until several months before trial, merely created questions of fact for the jury. *Armstrong v. State*, supra.

### II.

■ Appellant next complains of alleged improper other crimes evidence. The first such instance occurred during defense cross-examination of the representative of appellant's bank. The representative twice stated that certain records were unavailable because they were being used in other similar court cases.

■ However, the statements were prompted by a defense suggestion that the witness had failed to honor a defense subpoena duces tecum. Counsel may not through their questioning invite error and later complain of such evidence. *Glass v. State*, 361 P.2d 230 (Okl.Cr.1961). In addition, defense counsel failed to object to the responses of the witness. Moreover, this was not an instance of an experienced police officer voluntarily making statements on the witness stand prejudicial to the rights of the defendant. Cf. *Riddle v. State*, 373 P.2d 832 (Okl.Cr.1962). We find no prejudicial error in this regard.

■ Appellant also complains of the use at trial of evidence of his other insufficient funds checks returned by the bank during the period in question. This is not persuasive. The fact that a number of checks were written in a certain period of time

greatly exceeding the funds deposited in the account is admissible for the purpose of showing appellant's intent and motive to obtain property by means of false and bogus checks. *Jones v. State*, 595 P.2d 1344 (Okl.Cr.1979).

### III.

■ Finally, appellant complains of improper closing argument by the prosecuting attorneys. However, appellant failed to object to the remarks at trial and ask that the jury be instructed to disregard them. See *Blades v. State*, 619 P.2d 875 (Okl.Cr.1980), cert. den., 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54. Moreover, he failed to properly assert the alleged error in his motion for new trial. See *McDuffie v. State*, 651 P.2d 1055 (Okl.Cr.1982). We are unable to conclude that the combined effect of the remarks complained of was so prejudicial as to adversely affect the fundamental fairness of the proceedings and mandate reversal despite appellant's failure to preserve them below. Cf. *Cobbs v. State*, 629 P.2d 368 (Okl.Cr.1981). The evidence amply supported the verdict, and the sentence was the minimum prescribed by law. 21 O.S.1981, § 51(B).

The judgments and sentences are AFFIRMED.

PARKS, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

I agree that the conviction must be affirmed insofar as the evidence of guilt is overwhelming. Had the evidence not been so strong in favor of conviction, I would have been compelled to reverse and remand this case for a new trial on the basis of the improper closing argument presented by the State. Although appellant's prior convictions were properly admitted into evidence when he testified in his own defense, the prosecutor was outside the permissible bounds of the law when he argued that the prior convictions went to show appellant's character in that he had previously engaged in similar criminal conduct and was

thus guilty of the present charge. Appellant's previous convictions were admissible for the purpose of impeaching his credibility, and to use them in closing argument as the prosecutor did was improper.