**STATE of Indiana, Appellant (Respondent Below),**

**.v.**

**Harold HARDEN, Appellee (Petitioner Below).**

**No. 684S250.**

Supreme Court of Indiana.

Aug. 5, 1986.

Linley E. Pearson, Atty. Gen., Lisa M. Paunika, Deputy Atty. Gen., Indianapolis, for appellant.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellee.

SHEPARD, Justice.

Appellee Harold Harden was convicted after a jury trial of robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.), and conspiracy to commit robbery, a class C felony, Ind.Code § 35–41–5–2 (Burns 1985 Repl.). This court affirmed the convictions. *Harden v. State* (1982), Ind., 441 N.E.2d 215, *cert. denied*, (1983), 459 U.S. 1149, 103 S.Ct. 794, 74 L.Ed.2d 998. Harden then filed a petition for post-conviction relief, which the trial court granted on two bases:

1. That error occurred during deliberations when the court played a taped exhibit for the jury in Harden's absence; and,

2. That the court erred in sending certain exhibits into the jury room.

The State now appeals, urging this Court to find harmless the error which the State concedes occurred when proceedings took place in Harden's absence. The State also argues the trial court did not exceed its discretion in sending exhibits into the jury room.

We affirm.

■■ This appeal comes to us from the post-conviction court with a presumption that the judgment was correct. *Radio Picture Show v. Exclusive International Pictures* (1985), Ind.App., 482 N.E.2d 1159, *reh. den'd* Oct. 25, 1985, *trans. den'd* Feb. 11, 1986. As the appealing party, the State bears the burden of showing the judgment was erroneous. *Id.* We will not substitute our judgment for that of the post-conviction court absent a clear showing that it erred in its application of the law.

■ The post-conviction court relied on precedent from this Court in ruling that it was error to play for the jury a taped State's exhibit, a co-conspirator's statement to the police, in Harden's absence. *Harris v. State* (1967), 249 Ind. 681, 231 N.E.2d 800. One's right to be present at every stage of the proceedings requiring the presence of the jury may be relinquished only by the defendant's express personal waiver. *Id.* The State concedes Harden did not personally waive his right to be present.

■ It cannot be presumed that Harden's presence would have been useless; rather, his absence created a presumption of harm. *Miles v. State* (1944), 222 Ind. 312, 53 N.E.2d 779. The State did not rebut that presumption to the satisfaction of the trial court, and its bald assertions that Harden was not harmed will not suffice to establish that the trial court clearly erred in its judgment. *Id.* While the post-conviction court could have concluded that the facts proved an absence of prejudice, it did not. Our standard of review makes us unable to say that this conclusion was clearly erroneous.

■ The second basis upon which the court vacated Harden's convictions, that evidence was improperly sent into the jury room, also involved a weighing of several factors. This process was described in *Thomas v. State* (1972), 259 Ind. 537, 289 N.E.2d 508, in which this Court endorsed the American Bar Association Standards Relating to Trial by Jury. Section 5.1 of those standards relates to the case at bar:

(a) The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, except depositions.

(b) Among the considerations which are appropriate in the exercise of this discretion are:

(i) whether the material will aid the jury in a proper consideration of the case;

(ii) whether any party will be unduly prejudiced by submission of the material; and

(iii) whether the material may be subjected to improper use by the jury.

*Thomas*, 259 Ind. at 540, 289 N.E.2d at 509.

This Court held in *Thomas* that reversible error occurred when the trial court allowed the jury to take into deliberations transcripts of prior inconsistent statements which had been used to impeach State's

witnesses who had surprised the prosecution by giving exculpatory testimony. Among the factors which weighed in this decision were the highly conflicting nature of all the evidence and the danger that the impeaching statements would be considered by the jury as substantive evidence and given undue influence. Under those circumstances, this Court held, "that permitting writings containing prior statements of a witness to go to the jury room is an abuse of discretion." *Id.*, 259 Ind. at 541, 289 N.E.2d at 510.

Although in this case most of the exhibits sent into the jury room had been offered at trial as substantive evidence, one of the exhibits was precisely the type of evidence which the *Thomas* jury was allowed to review at its leisure, and which this Court held prejudiced the defendant. Additionally, as in *Thomas*, the evidence at trial was quite conflicting. Harden's first trial ended when the jury was unable to reach a verdict, and the second trial involved some recantation of earlier statements against him. Thus, the nature of the exhibits taken into deliberations was such that we are unable to say the trial court clearly erred in ruling that Harden was prejudiced.

The judgment of the post-conviction court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.