Walter **BONEY**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 71A03–8604–CR–106.

Court of Appeals of Indiana, Third District.

Oct. 7, 1986.

Joseph F. Rubin, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Walter Boney was convicted by a jury of forgery, a Class C felony, pursuant to Ind. Code 35–43–5–2. He appeals, claiming the trial court erred in admitting into evidence checks other than the one upon which the charge was based. Boney also claims there was insufficient evidence to sustain the conviction.

On February 26, 1985 Boney gave Donald Jablonski, a pharmacist, a check drawn on the account of Unique Seating, Inc. in the amount of $261.56. The check was payable to Boney and signed "Howard R. Kirk." Jablonski cashed the check for Boney and with part of the proceeds Boney paid his bill at the pharmacy. He took the balance in cash. Jablonski had known Boney as a customer for some time and his identification of Boney as the person who presented the check is undisputed. The check was, in fact, not signed by Howard Kirk, the owner of Unique Seating, nor had he authorized anyone to issue the check to Boney. It was one of a group of checks which had been stolen from the firm's checkbook by a former employee.

Over Boney's objection the State introduced four other checks, all from the group of missing checks, which were made payable to Boney, signed "Howard R. Kirk," endorsed in Boney's name and cashed at various locations on February 25 and 26. As with the check cashed by Jablonski, Kirk did not sign or authorize these checks. There was no evidence regarding who had presented these four checks for payment, and they were not the subject of the charged offense.

## I.

### Admissibility of Checks

Evidence that the accused committed other crimes is generally inadmissible when offered as substantive evidence of his guilt, but such evidence is admissible when relevant to some issue material to the charge, such as intent or identity, or to show that the crime charged was a part of a common scheme or plan. *Foster v. State* (1985) Ind., 484 N.E.2d 965, 967. The State argues the checks fall into the "common scheme or plan" exception and were also relevant on the issue of intent.

In *Cooper v. State* (1923) 193 Ind. 144, 139 N.E. 184 the Supreme Court recognized that

[a]ll the authorities in Indiana and the great weight of authority throughout the country hold that in a prosecution for uttering forged paper it is competent to show that shortly before or shortly after the event charged the accused uttered similar forged instruments to an extent which makes it improbable that he should have been ignorant of the forgery, as bearing on the intent with which the particular act was done. (Citations omitted). And many authorities hold that, where a number of like offenses were committed in a like manner, as if by following a novel system, evidence that the accused committed one of such offenses is competent on the question of

his identity as the person who committed another for which he is on trial. (Citations omitted).

139 N.E. at 185–6. This authority was quoted with approval in *Stone v. State* (1972) 258 Ind. 435, 281 N.E.2d 799, 800–1. In *Stone* the facts were remarkably similar to the case at bar. Four checks, not the subject of the charging affidavit, were admitted which bore the defendant's name as payee, were endorsed in defendant's name, were all drawn on the same account by checks bearing numbers in close order and were all passed in the same area within a few days of each other. Although three of the four persons who had cashed the checks could not identify the defendant as having passed the checks, the Court, after quoting *Cooper*, said, "Nor is such a positive identification essential in a case such as this because the checks themselves would be admissible to show a uniform method and design in the actions of the appellant." 281 N.E.2d at 801.

■ In Boney's case, the checks were admissible as evidence of a common plan or scheme on the part of Boney since they tended to show that the check cashed at Jablonski's pharmacy was just one of several drawn on the Unique Seating account, made out to Boney, endorsed in Boney's name, signed "Howard R. Kirk" and cashed within a day or two in the same general locale. The probative value of the checks was as proof of the crime charged rather than as proof that Boney was guilty of other crimes. *Fry v. State* (1975) 165 Ind.App. 1, 330 N.E.2d 367, 371. The evidence is admissible not withstanding the tendency to bias that inheres. *Foster*, supra at 967.

## II.

### Sufficiency of Evidence

The forgery statute provides that
A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

  (1) By another person;

  (2) At another time;

  (3) With different provisions; or

  (4) By authority of one who did not give authority; commits forgery, a class C felony.

I.C. 35–43–5–2. Boney argues that there was no evidence that he cashed the check in question with any intent to defraud.

It is well known that when faced with a challenge to the sufficiency of the evidence, this court neither reweighs the evidence nor judges the credibility of the witnesses, but looks only to the evidence favorable to the State and the reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value from which the trier of fact could reasonably infer guilt beyond a reasonable doubt, the conviction will not be overturned. *Morrison v. State* (1984) Ind., 462 N.E.2d 72, 74.

■ The jury could reasonably infer the necessary intent to defraud from the fact that Boney cashed a check supposedly written by someone who did not even know him and from the fact that four additional checks payable to Boney and endorsed with Boney's name were also drawn on the same account and cashed within a short time of the check charged in the information. The intent to commit a crime may be inferred from the surrounding circumstances. *Duncan v. State* (1980) 274 Ind. 144, 409 N.E.2d 597, 599. The evidence is sufficient to sustain the jury's verdict.

The judgment is affirmed.

HOFFMAN and GARRARD, JJ., concur.