STATE of Indiana, Appellant,

v.

Tyreese TAYLOR, Appellee.

No. 49A02–8802–PC–73 *.

Court of Appeals of Indiana,
Second District.

March 16, 1989.

* This case was received by the Court for assignment on 2-6-89.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Stephen Goldsmith, Prosecutor, Nineteenth Judicial Circuit, A. Frank Gleaves, III, Deputy Pros. Atty., Indianapolis, for appellant.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

The State of Indiana appeals the decision of the post-conviction court which granted relief to Tyreese Taylor by vacating his conviction of murder and granting him a new trial. The State appeals.

## ISSUE

The post-conviction court granted Taylor relief on two alternative grounds: his plea was involuntary and he had ineffective assistance of counsel. The State attacks both determinations. However, because we find the post-conviction court did not err in its resolution of Taylor's ineffective assistance of counsel claim, we limit our review to that issue and affirm the post-conviction court's judgment.

## FACTS

On February 11, 1980, Taylor was charged with murder, attempted murder and robbery. On March 5, 1980, the State filed a count of information seeking the death penalty. On August 8, 1980, pursuant to a written plea agreement, Taylor pled guilty to murder. Following a pre-sentence investigation and report, the guilty plea court accepted Taylor's plea, entered a judgment of conviction and sentenced Taylor to fifty years under the terms of the agreement. The State dismissed the remaining charges.

Taylor subsequently sought post-conviction relief on the grounds his guilty plea was involuntary because he was not ad-vised, prior to pleading, of his right to a speedy trial or of the minimum sentence for murder, and because the plea was obtained by the State's use of a third party's coerced statement inculpating Taylor. He also asserted his guilty plea counsel provided ineffective assistance. Taylor finally alleged he would not have pled guilty and would have asserted his right to a trial had he been properly advised or had adequate counsel.

## DECISION

In reviewing the post-conviction court's judgment we apply the clearly erroneous standard, mindful of the fact that there is a presumption the judgment is correct. *State v. Harden* (1986), Ind., 496 N.E.2d 35, 36. The State, as the appealing party, bears the burden of showing the judgment is erroneous. This court will not substitute its judgment for that of the post-conviction court absent a clear showing the post-conviction court erred in its application of the law. *Id.*

Further, a post-conviction court's findings are binding on this court unless we are definitely and firmly convinced the trial court committed error. A post-conviction court is required by Indiana Rules of Post Conviction Relief 6 to make "specific findings of fact ... on all issues presented." Indiana Rules of Procedure, Trial Rule 52(A), requires that those findings not be set aside on appeal unless clearly erroneous. Hence, in determining whether the findings are clearly erroneous, this court will not reweigh the evidence nor determine the credibility of the witnesses, and will consider only the evidence in the record which supports the findings and reasonable inferences which can be drawn from that evidence. *Agrarian Grain Co. v. Meeker* (1988), Ind.App., 526 N.E.2d 1189.

The standard for effective assistance of counsel was recently stated in *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 378:

> The standard for judging claims of ineffective assistance of counsel is whether a defendant received "reasonably effective

assistance." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Burr v. State* (1986), Ind., 492 N.E.2d 306. Our scrutiny of counsel's performance is highly deferential, *Id.*, and our supreme court has stated that it will not speculate as to what may have been the most advantageous strategy in a particular case. *Davis v. State* (1983), Ind., 446 N.E.2d 1317. There is a presumption that counsel is competent and an appellant must present strong and convincing evidence to rebut this presumption. *Strickland, supra; Burr, supra.* To reverse a conviction for ineffective assistance of counsel a defendant must show (1) that his counsel's errors were unreasonable, and (2) that these errors prejudiced his defense. The defendant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland, supra; Burr, supra; Brockway v. State* (1987), Ind., 502 N.E. 2d 105.

In *Burse v. State* (1987), Ind., 515 N.E. 2d 1383 our supreme court recognized that the second step of the *Strickland* test must be modified when a claim of ineffective assistance of counsel is made by a defendant who pleads guilty. The court stated:

> "However, when a defendant opts to plead guilty rather than proceed to trial the second component of the *Strickland* test is modified. A defendant, rather than needing to show prejudice, must show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203."

*Burse,* 515 N.E.2d at 1385–1386.

The uncontroverted evidence is that neither Taylor's counsel nor the guilty plea court advised Taylor of the range of penalties for murder. Instead, his counsel advised Taylor his choice was fifty years or death. During Taylor's guilty plea hearing, the guilty plea court failed to correct Taylor's stated understanding that the range of penalties for murder is "[a] term of sixty years, fifty flat cop-out if I take the plea agreement [or the] death penalty." Record at 96–97. In addition, Taylor's counsel failed to interview the declarant of a statement given to the police that inculpated Taylor of the charged offenses. Had counsel done so, the declarant, Phillip McBrady, would have told Taylor's counsel that his statement was false; that he was "forced" by the police to give the statement, because he was told "I would be charged with the murder, and, uh, if I didn't give the statement … to the Police Department, that I would be charged with the murder," and that he lied "to save himself." Record at 168. McBrady advised he had to be coached about the statement's contents because he "didn't know anything about this event.…" Record at 180. In return for the statement, McBrady "could go free of all pending charges." Record at 172.

Also, the evidence is that Taylor's counsel failed to interview Dennis Hurt, although requested to do so by Taylor. Had he done so he would have discovered "Hurt could have come to court and testified truthfully, under oath, that I wasn't there at the scene of the crime." Record at 187.

Based upon this evidence, which reveals a compilation of error and omissions by counsel, we can only conclude the post-conviction court's determination that Taylor's counsel's performance in this instance was deficient is not clearly erroneous.

In addition to proving his counsel's performance was deficient, Taylor had the burden of proving that there was a reasonable probability that, but for his counsel's errors, he would not have entered into the fifty year plea agreement and, instead, would have insisted on going to trial. The post-conviction court concluded Taylor met this burden. The evidence supports this determination.

At his hearing, Taylor testified he pled guilty because he felt he had no choice. He was facing a trial with McBrady's inculpatory testimony without knowing McBrady would recant it and without any alibi

evidence. He also believed his only option if he went to trial was sixty years or the death penalty; only by pleading guilty could he receive fifty years. This evidence supports the post-conviction court's determination Taylor would not have pled guilty had he had effective counsel.

The State points to McBrady's assertions at his guilty plea hearing to argue the post-conviction court's determination is clearly erroneous. However, it is the exclusive function of the post-conviction court to determine the weight and credit to give Taylor's explanation that he answered questions at that hearing as he had because he "was under the impression that it was certain things I had to say and agree to, for the guilty plea to be accepted, and me and my lawyer went over that, and although I didn't want to take the 50 years, I really had no choice." Record at 193. The State also points to Taylor's testimony at his post-conviction hearing that if he had known the minimum sentence for murder was thirty years, he "would have took 30 years instead of 50 years." Record at 190. This statement fails to address the other deficiencies of Taylor's counsel; also, again, it is the post-conviction court's prerogative to weigh and credit this evidence, not ours.

JUDGMENT AFFIRMED.

CONOVER, P.J., and BUCHANAN, J., concur.