Otis BURR, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1084S420.

Supreme Court of Indiana.

May 16, 1986.

Susan K. Carpenter, Public Defender, Frances Watson Hardy, Deputy Public Defender, Indianapolis, for appellant (petitioner below).

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee (respondent below).

SHEPARD, Justice.

Appellant Burr was convicted after trial by jury of rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1985 Repl.), and burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). He was sentenced to concurrent terms of imprisonment of 30 years and ten years. This Court affirmed Burr's convictions on direct appeal. *Burr v. State* (1980), 273 Ind. 280, 403 N.E.2d 343.

Burr now appeals the denial of his petition for post-conviction relief, presenting the following issues:

1. Whether the trial court erred in ruling against Burr on his allegation of ineffectiveness of counsel,

2. Whether the trial court's findings and conclusions were sufficient; and,

3. Whether the court committed reversible error when it corrected Burr's sentence in his absence.

We affirm.

### I. Ineffectiveness of Counsel

Claims of ineffective assistance of counsel are judged under a standard which

asks whether a defendant received "reasonably effective assistance." Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, experience, or bad tactics do not necessarily amount to ineffectiveness of counsel. Counsel is presumed competent, and appellant must present strong and convincing evidence to rebut the presumption. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

If appellant shows that particular errors of counsel were unreasonable, he must further show that the errors resulted in prejudice to the defense. He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

Burr's claim is that he was denied effective assistance of counsel because his attorney allegedly failed to object to the State's failure to bring Burr before a magistrate during the twelve days after his arrest, failed to file a pre-trial discovery motion, failed to file a notice of alibi, failed to object at trial to the admission of a ring into evidence, failed to impeach fully the prosecutrix, failed to tender instructions allegedly favorable to Burr, failed to challenge the conviction for class A burglary after the jury returned a guilty verdict for class B burglary, failed to challenge evidence admitted at the sentencing hearing, and failed to perfect a timely appeal. Burr and his former counsel each testified at the hearing regarding these allegations.

■ Burr is appealing from a negative judgment, as he bore the burden of proving his allegations beyond a preponderance of the evidence. The trial court was the sole judge of the weight and credibility of the evidence. We will not reverse unless the evidence leads only to a conclusion contrary to the judgment. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The evidence most favorable to the judgment was that counsel did not know at the time he was appointed that Burr had been in jail for twelve days without a court appearance. Burr stated he did not mention the delay to his attorney.

■ That counsel did not independently learn of the alleged delay and object or move for Burr's discharge cannot have prejudiced Burr so substantially to require a finding that he was denied his right to effective counsel. Even if discharge had been won, the State could have brought fresh proceedings against him. Hence, the outcome was not prejudiced by this alleged oversight. Furthermore, this issue is raised neither in the motion to correct error nor in the appellate brief and is considered waived.

■ Counsel testified that a formal discovery request was unnecessary because the State had opened its files to him. He stated he and Burr decided together not to file a notice of alibi because the witness recommended by Burr did not have the alibi information sought. Counsel cannot be faulted for not raising an alibi defense on which he could not offer proof.

■ At Burr's trial, a ring belonging to the victim, unique because her father had made it, was introduced into evidence. The ring had been seized from Burr when he was arrested on an unrelated charge. At the station house, the police had "advised" him to empty his pockets, where he was carrying the ring. Burr now claims his attorney erred in failing to challenge the admissibility of the ring on the grounds of illegal search and seizure and inadequate chain of custody. Counsel testified that he could not remember specifically, but that he presumed he looked into the details of the search and seizure and decided against moving to suppress the ring. It does not appear the defense was damaged by counsel's decision. The record does not reveal any obvious grounds for suppression of the ring, and the ring, due to its uniqueness, was not subject to a more stringent showing of chain of custody than was provided.

■ Burr would have had his attorney depose the victim before trial, but counsel

testified he had read the police report and was reluctant to create an opportunity for the victim to rehearse answers to his questions. Reasonable strategy is not subject to judicial second guesses.

Burr also claims his attorney did not fully impeach the victim, but he has not shown specifically how the impeachment was lacking. Counsel cross-examined the prosecutrix at length, challenging her identification, her memory, her motives, and, when some pictures of her apartment were introduced, even her housekeeping. Counsel's allegedly "tactless" approach is not a matter for our review.

Burr's argument that counsel erred in seeking an "acquittal or nothing" and that he should have tendered instructions on a lesser included felony is another invitation to review strategy. We note that counsel did tender an instruction on theft, which was refused.

The jury returned a verdict supporting not a class A, but a class B burglary. However, the court erroneously entered judgment of conviction against Burr on a class A burglary and sentenced him to a 30-year term. Counsel did not notice the error. Later, the court corrected the judgment and sentence. Of course, counsel's oversight was potentially grave; nonetheless, prejudice cannot be established because the error has been rectified.

Neither at the hearing nor in his brief has Burr pursued his claim, unsupported by the record, that improper evidence was admitted at the sentencing hearing. Finally, his claim that counsel erroneously failed to file a timely motion to correct error for him was contradicted by counsel's testimony that Burr told him he did not wish to appeal his convictions. Later, Burr reconsidered and counsel filed a belated motion to correct error, which was denied. Burr's direct appeal followed. Therefore, even if Burr's version is credited, he has not shown prejudice.

Burr did not sustain the burden of his claim that he was denied effective as-sistance of counsel. He has also framed these same issues of attorney incompetence in terms which allege denial of a fundamentally fair trial. As we stated today in *Roberts v. State*, Ind., 492 N.E.2d 310 (1986), having concluded that his assertions were unmeritorious as a basis for his claim of ineffectiveness of counsel, we similarly find that they are no more compelling when labelled with the words "fair trial."

## II. Sufficiency of Court's Findings and Conclusions

The trial court made the following findings and conclusions:

### FINDINGS

The Petitioner herein has not met the burden of proof re competency of counsel.

The ring of the victim allegedly taken from the Defendant was unique and positively identified by the victim as her property.

### CONCLUSIONS

The attorney for the defense presented his case and conducted the defense in an acceptable way. The evidence referred to was unique and not improperly admitted.

The case was appealed and affirmed by the Indiana Supreme Court.

The Court finds the Petitioner has failed to meet the burden in his allegation in his Petition. The Court finds against the Petitioner in his Petition for Post-Conviction Relief.

Burr claims the court's findings and conclusions were insufficient because the court did not address each factual dispute. Because our review has not been hampered by their alleged incompleteness, we will not ask the trial court to make more specific findings and conclusions. We have been able to determine that Burr did not establish grounds for relief by a preponderance of the evidence. Any deficiency in the courts findings and conclusions was harm-

less. *Davis v. State* (1975), 263 Ind. 327, 330 N.E.2d 738.

### III. Correction of Sentence in Burr's Absence

Burr was charged with Class A burglary, but the jury returned a verdict of guilty in language supporting only a conviction for class B burglary. At sentencing, the court found that there were not any mitigating or aggravating factors to support any but the standard term and announced it would sentence Burr to 10 years imprisonment for the burglary. The prosecutor, however, told the court incorrectly that the verdict was on a class A burglary as charged, so the judge sentenced Burr to a term of 30 years.

Later, during a hearing on Burr's writ of habeas corpus, new counsel argued that Burr was incorrectly sentenced. Burr was personally present during the argument. The judge took the matter under advisement because he did not have the verdict forms with him, but stated he would have to correct Burr's sentence to the presumptive term, 10 years, for the class B burglary if indeed the form of the verdict was as counsel claimed. To this no objection was voiced. Soon thereafter, the court issued an order correcting the judgment of conviction and the sentencing.

Burr contends he is entitled to a new sentencing hearing because his sentence was corrected in his absence. We disagree. While one does have a right to be present at sentencing, Ind.Code § 35–38–1–4 (Burns 1985 Repl.); *Joseph v. State* (1957), 236 Ind., 529, 141 N.E.2d 109., Burr cannot show harm from the issuance of the corrected order. He had been present at the formal sentencing hearing, and presented evidence in mitigation. The court considered and rejected proposed factors in mitigation and in aggravation and attempted to imposed the presumptive 10 year term until misinformed as to the verdict. Thus, when the court corrected the sentence back to ten years, it imposed the same sentence it had begun to impose in

Burr's presence after hearing the parties' evidence.

Furthermore, Burr was present at the habeas corpus hearing when the court was urged to correct his sentence. He did not object to the court's stated intention to impose the ten year term originally intended. That the actual correction of the records was accomplished in Burr's absence was harmless, and a remand would serve no purpose. *Royal v. State* (1979), 272 Ind. 151, 396 N.E.2d 390.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.