**Russel T. HARVEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 585S192.**

Supreme Court of Indiana.

Oct. 29, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant pled guilty to the offenses of Robbery, a Class B felony, and Carrying a Handgun Without a Permit and Dealing in Sawed-Off Shotguns, both Class D felonies. The court imposed one sixteen (16) year and two one (1) year sentences, all to run concurrently. Appellant's Petition for Post-Conviction Relief was denied.

On March 23, 1982, an information was filed in Cause No. 3453 charging appellant with Robbery, a Class B felony. On June 2 he was charged in Cause No. 3497 with Carrying a Handgun Without a Permit and Dealing in Sawed-Off Shotguns. At a consolidated omnibus hearing held three weeks later, appellant entered an Intent to Plead Guilty Subject to Sentencing Recommendation in both causes. No written plea agreement was filed.

The following day the State filed its sentencing recommendation, in which it recommended that any sentences be served concurrently and agreed not to file an habitual offender count. The recommendation did not specify the terms of the sentences to be imposed. On July 20 appellant entered, and the court accepted, his plea of guilty. The court then sentenced appellant to sixteen (16) years, with the last two (2) years to be served on work release, on the Class B count and to one (1) year on each of the Class D counts.

Appellant filed a *pro se* post-conviction petition on January 23, 1984. His amended petition, filed on July 10, alleged that his guilty plea was not entered voluntarily and

intelligently and that his sentences were erroneous. Following an August 10 evidentiary hearing, the trial court on October 8 denied appellant's request for relief.

Appellant contends the trial court erred in failing to enter specific findings of fact and conclusions of law on all the claims raised in his amended petition and requests that we remand for the entry of more specific findings.

■ It is true that a post-conviction court is required to enter specific findings of fact and conclusions of law in order to facilitate appellate review. Ind.R.P.C.R. 1, § 6; *Robinson v. State* (1986), Ind., 493 N.E.2d 765. In some instances we have remanded for the entry of specific findings. *See, e.g., Taylor v. State* (1985), Ind., 472 N.E.2d 891; *Cabell v. State* (1980), 274 Ind. 683, 414 N.E.2d 293. Where, however, the facts underlying the petitioner's claims are not in dispute and the issues are sufficiently presented for review, any defects in the court's order will not warrant a remand. *Robinson, supra.*

■ The trial court's order specifically addressed some, but not all, of the issues raised by appellant's amended petition. We nevertheless agree with the State that the underlying facts are not in dispute and that the issues raised on appeal constitute questions of law which are adequately clarified for our review. *See Kruckeberg v. State* (1984), Ind., 465 N.E.2d 1126. The defects in the court's order do not warrant a remand for further findings.

We first address the issues raised in regard to the conviction for robbery in Cause No. 3453. Appellant contends that prior to accepting his guilty plea, the trial judge failed to inform him that by pleading guilty he was admitting the truth of all the facts alleged in the information as required by Ind.Code § 35-4.1-1-3(b) (repealed).

■ A petitioner who merely alleges that the trial judge omitted one of the advisements in the guilty plea statute is not entitled to post-conviction relief. The petitioner must plead specific facts from which it can be concluded that the judge's omission rendered the decision to plead guilty involuntary or unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. In addressing such a claim, we will review the entire record, including all the evidence presented at the post-conviction hearing. *Id.*

■ Appellant has not alleged that the omission affected his decision to enter a plea of guilty. *Id.* In any event, the colloquy at the guilty plea hearing demonstrates the trial judge did in fact substantially comply with the statute. The judge read the information to appellant and extensively questioned him as to the circumstances of the robbery. Appellant gave detailed admissions of his involvement. The judge then fully advised appellant of the rights he was waiving and informed him that his plea relieved the State of its burden of establishing his guilt. There is ample evidence from which to conclude that appellant understood he was admitting the truth of the facts alleged.

Appellant also contends the trial court enhanced the presumptive sentence for a Class B felony without specifying the aggravating circumstances.

■ When exercising its discretion to enhance a basic sentence, a trial court is required to make a specific and individualized statement of its reasons for doing so. *Totten v. State* (1985), Ind., 486 N.E.2d 519. The record here belies appellant's contention. The court specifically referred both to appellant's previous criminal activity, including several prior convictions, and to the fact that he had previously been given alternatives to imprisonment to no avail. *See* Ind.Code § 35-50-1A-7 (Burns 1979 Repl.) (repealed and recodified at Ind. Code § 35-38-1-7). The aggravating circumstances cited by the court were sufficient to substantiate its enhancement of the presumptive sentence.

In regard to the Class D felony convictions in Cause No. 3497, appellant claims the trial judge failed to advise him that he was admitting the truth of the facts alleged in the information, Ind.Code § 35-4.-

1–1–3(b) (repealed), and of the possibility of sentencing for a Class A misdemeanor, Ind. Code § 35–4.1–1–3(d) (repealed and recodified at Ind.Code § 35–35–1–2(a)(3)) and failed to establish a factual basis for the pleas, Ind.Code § 35–4.1–1–4(b) (repealed and recodified at Ind.Code § 35–35–1–3(b)).

■ While the trial judge did advise appellant of the sentencing range for a Class D felony, he did not advise appellant of the possibility of alternative sentencing or that he was admitting the truth of the facts alleged. Appellant has not alleged, however, that the omitted advisements impacted his decision to plead guilty. *White, supra.* Nor has he alleged any facts which would indicate he was misled as to the terms of the plea bargain or that he was otherwise coerced into pleading guilty. *Id.*

■ As to the factual basis, the colloquy at the guilty plea hearing reveals the following:

"BY THE COURT: [I]n [Cause No.] 3497, carrying a handgun without a permit, did you have on your possession on the 11th day of May an automatic calibre (sic) pistol?

MR. HARVEY: It was in the car that I was in.

BY THE COURT: And, were you driving the car?

MR. HARVEY: No.

BY THE COURT: Who was driving the car?

MR. HARVEY: Steve Carlisle.

BY THE COURT: And where was the gun?

MR. HARVEY: It was under his seat.

BY THE COURT: Was it your gun?

MR. HARVEY: No, it was his gun.

BY THE COURT: *Well, then, you don't want to plead guilty, then, is that it?*

At that point defense counsel, Michael Keating, interjected and requested the court's permission to question appellant.

MR. KEATING: Your Honor, if I may, ... Mr. Harvey were you aware of the presence of the gun?

MR. HARVEY: Yeh, I had seen him put it there.

MR. KEATING: And could you have had access to it if you wanted to reach it?

MR. HARVEY: Yeh, I was in the passenger's side, but I could have reached down, you know and grabbed it.

\*　\*　\*　\*　\*　\*

BY THE COURT: Now, with regard to Count II, charging you had a sawed-off shotgun 410. Did you possess a sawed-off shotgun?

MR. HARVEY: It was under my seat.

BY THE COURT: Whose gun was that?

MR. HARVEY: It was in a paper sack. It was Carlisle's.

BY THE COURT: And you knew it was there?

MR. HARVEY: Yes sir.

BY THE COURT: And you had access to it?

MR. HARVEY: Yes, sir.

BY THE COURT: What was it doing under your seat? Did you put it there?

MR. HARVEY: No, see, I followed Steve into Evansville. I knew he put it in his car, but I didn't know where he put it. I followed him in my car and I got into his car when we got to Evansville.

\*　\*　\*　\*　\*　\*

BY THE COURT: I don't know if that constitutes a crime.

MR. KEATING: *To be very honest, Your Honor, it, of course, is a question of possession, which can be constructive as well as actual.*

\*　\*　\*　\*　\*　\*

MR. KEATING: *I think it depends on intent and ability and knowledge. Being very honest, Your Honor, since these were to run concurrent with any other ... any sentence he receives on the robbery, and, of course, Class D's and due to the fact that there was a possibility that he could be guilty of these charges, although there may be, as Your Honor points out, arguable position (sic) that he is not guilty of them, he decided to go*

*ahead and plead guilty to them as well.*

MR. LEVCO: May we approach the bench?

BY THE COURT: Yes.

(COUNSEL APPROACH THE BENCH)

BY THE COURT: Show the Court finds a factual basis for the defendant's plea to ... carrying a handgun without a permit as charged in Count I in 3497; dealing in with (sic) a sawed-off shotgun as charged in Count II, also, in 3497."

(Emphasis added).

It is apparent that the court recognized from appellant's initial answers the potential for an insufficient factual basis. At that point appellant's counsel interjected and questioned appellant in such a fashion as to establish constructive possession of the weapons. Counsel also pointed out the potential problems of proving the elements of the offenses, but nevertheless requested the court to accept the plea due to the beneficial nature of the State's sentencing recommendation. Accordingly, appellant cannot successfully claim his plea was involuntary or unintelligent when he was aware of the possible deficiencies in the factual basis and urged the court to accept his plea.

■ Appellant also contends the trial court erred in accepting his plea of guilty when he continued to maintain his innocence.

Appellant correctly cites *Ross v. State* (1983), Ind., 456 N.E.2d 420, 423, for the proposition that "a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time." As borne out in the colloquy set out above, appellant stated that he owned neither the weapons nor the car in which he was a passenger. He went on to state, however, that he knew the weapons were in the car in which he was riding and that he had access to them. As pointed out by defense counsel, such facts may have been sufficient to establish constructive possession. We cannot agree

that appellant's answers to questioning by the court were tantamount to a declaration of innocence and thus find that the trial court's acceptance of the guilty plea did not violate the rule set out in *Ross*.

■ Appellant's final contention is that the commitment order is erroneous because the one (1) year sentences he received could be imposed only for Class A misdemeanor convictions. He requests this Court to instruct the trial court to correct the commitment order to reflect the sentences to be for Class A misdemeanors rather than for Class D felonies. ·

The applicable statute provided that the sentence for a Class D felony was two (2) years, with not more than two (2) years added for aggravating circumstances. Ind. Code § 35–50–2–7(a) (Burns 1979 Repl.) (amended in 1983 to include one (1) year sentence if mitigating circumstances). The sentencing court could also enter judgment of conviction of a Class A misdemeanor and sentence accordingly. Ind.Code § 35–50–2–7(b) (Burns 1979 Repl.).

Thus the statute did not contemplate a one (1) year sentence for a Class D felony conviction. *See Atkins v. State* (1982), Ind. App., 437 N.E.2d 114, *trans. dismissed, cert. denied* (1983), 462 U.S. 1109, 103 S.Ct. 2460, 77 L.Ed.2d 1337. This Court has held, however, that an appellant cannot successfully claim prejudicial error because he received a lesser punishment than that prescribed by statute. *Mates v. State* (1929), 200 Ind. 551, 165 N.E. 316; *Hunnicutt v. Frauhiger* (1927), 199 Ind. 501, 158 N.E. 572.

Neither can appellant claim he was prejudiced because the commitment order reflected convictions for Class D felonies. Appellant was charged in both counts with Class D felonies and pled guilty to those charges. Upon such plea the court erroneously sentenced him to one (1) year rather than two (2) years. There is no indication whatsoever that the court intended to sentence appellant as a misdemeanant.

The trial court is affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.