**Kenneth Richard BROCKWAY,**
**Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 984S354.

Supreme Court of Indiana.

Jan. 6, 1987.

J. Scott VanDerbeck, Richard K. Muntz, P.C., LaGrange, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Kenneth Richard Brockway was charged with robbery while armed with a deadly weapon, a class B felony [1] and with being a habitual offender. A jury found him guilty of the robbery charge

---

1. Ind.Code § 35–42–5–1.

only. This direct appeal raises the following issues:

1. Ineffective assistance of counsel;
2. Admission of defendant's statements as fundamental error;
3. Failure to seek change of venue as fundamental error; and,
4. Insufficiency of evidence.

## ISSUE I

Defendant first contends that he was denied the effective assistance of counsel and alleges "at least five major errors committed during the course of the trial." These include: failure to object to the introduction of defendant's tape-recorded statement; failure to object to the admission of defendant's volunteered comment when arrested; failure to file a motion for change of venue; failure to call witnesses, including the defendant; failure to tender jury instructions and to object to instructions tendered by the State and the court; failure to challenge the presentence report admission at sentencing that "there possibly weren't any mitigating circumstances"; and failure to argue for less than the presumptive sentence.

Reversal for ineffective assistance of counsel is appropriate in cases where a defendant shows both (a) deficient performance by counsel, and (b) resulting prejudice from errors of counsel so serious as to deprive the defendant of a trial whose result is reliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A claim of ineffective assistance must identify the claimed errors of counsel, so that the court may determine whether, in light of all circumstances, the counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Strickland, supra; Burr v. State* (1986), Ind., 492 N.E.2d 306; *Price v. State* (1985), Ind., 482 N.E.2d 719; *Jackson v. State* (1985), Ind., 483 N.E.2d 1374; *Seaton v. State* (1985), Ind., 478 N.E.2d 51.

Defendant's argument is focused upon the failure of his trial counsel to object to two of the defendant's statements, particularly a tape-recorded confession.

On September 6, 1983, a robbery occurred at the Topeka Indiana Branch of the Farmer's State Bank. Approximately two hours later, defendant was apprehended in a field, immediately told his *Miranda* rights, and then transported to the police station. About one-half hour after arrival at the station, police asked if defendant would be willing to give an interview, but did not repeat the *Miranda* warning at that time. Defendant responded, "I really f___d up this time," and indicated to police that he did not want to talk further. This expression of regret is not sufficiently specific, even in the context of the surrounding circumstances, to necessarily convey an admission of guilt with respect to the offense charged.

On the afternoon of September 8, defendant's *Miranda* rights were again read to him, and he signed a written waiver and consented to make a tape-recorded statement. Before beginning the statement, a state police detective asked the defendant if he wanted to talk with attorney Frank Stewart, and defendant replied "not at this time." At trial, the detective testified that attorney Stewart had appeared at the jail and indicated that he represented the defendant. The defendant's recorded interview was taken. It lasted thirty-six minutes and concluded at 2:54 p.m. The record shows that on the same day as the recorded interview, an initial hearing was conducted before the court. At the hearing, the defendant stated that he had conferred with attorney Stewart but had insufficient funds to employ him, and the court appointed a public defender to represent the de-

fendant. Unfortunately, the record does not indicate whether the initial hearing occurred before or after the recorded interview. It likewise does not indicate whether the interview was initiated by the police or the defendant.

■ Engaging in the required presumption of reasonable competence of counsel, we presume that trial counsel knew that the facts would not support a motion to suppress or trial objection regarding the recorded confession. It may be that the initial hearing occurred later in the afternoon, after the recorded interview, and that, from the defendant's subjective state of mind, he had not requested counsel before the recorded statement. *See, Moran, Superintendent, Rhode Island Department of Corrections v. Burbine,* 475 U.S. ——, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). In the alternative, defendant's trial counsel may have known that the recorded interview was in fact initiated by the defendant rather than by the police.

■ With respect to the failure to seek a change of venue, defendant now points to testimony during trial in support of his assertion that the case received widespread pre-trial and trial publicity. However, counsel's decision to refrain from seeking such change may well have been justified by his assessment of the probable outcome of such motion or by reasons favorable to the defendant for leaving the case in LaGrange County. The record is not sufficient to demonstrate that counsel's decision was outside the range of professionally competent assistance. With respect to defendant's claim that his trial counsel failed to present witnesses, the defendant fails to identify the witnesses who should have been called, or the testimony which would have been given. As to instruction errors claimed, defendant does not identify any jury instructions which should have been tendered by his trial counsel, nor does he cite any objections which counsel should have made to the instructions given to the jury. Similarly, defendant fails to identify mitigating circumstances which could have been shown

at sentencing, and does not identify any defects in the presentence report which could have been successfully challenged.

Defendant thus fails to demonstrate resulting prejudice from claimed errors of counsel, so that we are unable to determine whether such prejudice was so serious as to deprive the defendant of a trial whose result is reliable, in accordance with the *Strickland* standard. We find no error in Issue I.

## ISSUES II, III, and IV

Defendant separately claims that the admission of the defendant's statement upon arrest, and his subsequent taped confession, where no objection was made, and the failure to grant a change of venue, even though not requested, each constitute fundamental error so grave as to deny defendant's due process rights to receive a fair and impartial trial.

■ In reviewing a contention of fundamental error, it is not enough to merely urge that a constitutional right is implicated. Defendant must also demonstrate that, had a proper objection been made, the trial court would have had no choice but to sustain the objection. *McAfee v. State* (1984), Ind., 459 N.E.2d 1186; *Beard v. State* (1981), Ind., 428 N.E.2d 772. As already discussed in Issue I, the record is silent as to facts which would show that the trial court would have necessarily sustained one of the objections or granted the change of venue.

Fundamental error has thus not been shown on these issues.

## ISSUE V

Defendant finally contends that the verdict was not supported by sufficient evidence.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that

the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

It is defendant's assertion that the eyewitness descriptions of defendant were substantially different in their identification of the defendant as a participant in the robbery.

 We cannot agree. Even without defendant's taped confession, the record is replete with incriminating evidence. Various bank employees clearly identified the defendant as a participant in the robbery by serving as a lookout while armed with a gun. Clearly, the evidence was sufficient to support the verdict.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.