Barry ST. JOHN, Appellant,

v.

STATE of Indiana, Appellee.

No. 84A04–8802–PC–50.

Court of Appeals of Indiana,
Fourth District.

Oct. 20, 1988.

Susan K. Carpenter, State Public Defender, John T. Ribble, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Defendant-appellant, Barry St. John, appeals the Vigo County Superior Court's denial of his second *pro se* petition for post-conviction relief. This appeal concerns St. John's 1978 burglary conviction. In May of 1978, St. John was charged with Burglary, a Class B felony. He pled guilty to this charge pursuant to a plea agreement, and received a suspended six year sentence with two years probation. While on probation, St. John committed a second burglary in May of 1980. He was found guilty of this offense by a jury and received an enhanced eight year sentence. After his second conviction, St. John's probation for the 1978 burglary was revoked and he received a three year sentence for the 1978 offense; the term to run consecutive to the eight year sentence. In September of 1983 St. John filed a *pro se* petition for post-conviction relief challenging his 1978 guilty plea and conviction. His petition was granted and St. John's 1978 guilty plea and conviction were vacated. Pursuant to a new plea agreement, St. John again pled guilty to the 1978 burglary in exchange for a reduced sentence of two years to be served concurrently with his eight year sentence. In September of 1986

St. John filed this *pro se* petition for post-conviction relief challenging his 1983 guilty plea and sentencing. After a hearing this petition was denied.

## ISSUES

The main thrust of St. John's argument on appeal is that his 1983 guilty plea for the 1978 burglary was tainted. He claims that the sentence he received was erroneous in that the court was required by statute to impose consecutive rather than concurrent sentences for his 1978 and 1980 offenses. He argues that since his sentence is erroneous, he is continually at risk of having the State correct his sentence to a more severe consecutive sentence at some point in the future. Thus, St. John claims that the court must correct his sentence. Since the court must impose a more severe sentence than it originally imposed pursuant to the 1983 plea agreement, St. John claims that the court must allow him to withdraw his guilty plea. St. John claims that the prosecutor's action of entering into this agreement constituted misconduct and that his 1983 guilty plea was not knowingly or intelligently entered as he was not apprised that the sentence he would receive was erroneous. St. John also claims that he was denied effective assistance of counsel, and the right against double jeopardy because he received multiple punishment for the same offense.

We affirm.

## FACTS

On May 1, 1978, St. John was charged with Burglary, a Class B felony. He pled guilty to this charge on September 20, 1978, pursuant to a plea agreement, and received a suspended six year sentence with two years probation. While on probation, St. John committed a second burglary in May of 1980. On September 8, 1980, he was found guilty of this offense in a trial by jury and on October 1, 1980, the court sentenced St. John to an enhanced eight year term of imprisonment.

After St. John's second arrest and conviction, the court revoked St. John's probation and sentenced him to a three year term of imprisonment (for the 1978 offense) to be served consecutively to the eight year sentence. On September 6, 1983 St. John filed a *pro se* petition for post-conviction relief on the ground that his 1978 guilty plea was not knowingly, intelligently and voluntarily entered. A post-conviction relief hearing was held on October 31, 1983. At this hearing, pursuant to a new plea agreement, his petition was granted, his 1978 guilty plea was vacated, and he repled guilty to the 1978 burglary as a Class C felony—a lesser included offense to the crime charged in the information—in exchange for a reduced two year sentence to be served concurrently with his eight year term.

This appeal concerns St. John's second *pro se* petition for post-conviction relief filed on September 4, 1986. This petition challenged his 1983 guilty plea and sentence. At the hearing on August 3, 1987, the evidence revealed that after the filing of St. John's first petition for post-conviction relief in September of 1983, the State contacted St. John's counsel, Kathy Kelley, a Deputy State Public Defender, and offered not to oppose the granting of post-conviction relief if St. John would agree to plead guilty again and accept a two year sentence to run concurrently with his eight year sentence. Kelley informed St. John of the State's offer by letter dated October 3, 1983. Kelley then met with St. John on October 21, 1983 and thoroughly discussed the State's plea offer with him, emphasizing that the decision whether to pursue post-conviction relief or to agree to the plea agreement was his and that she could not make that decision for him.

The evidence at the 1987 hearing also revealed that shortly before the October 31, 1983 hearing was to commence, he questioned Kelley about the plea agreement. Kelley discussed St. John's options with him and explained that he could either plead guilty pursuant to the agreement or proceed with the post-conviction relief hearing. St. John advised Kelley at this time that he would plead pursuant to the plea agreement. At the October 31, 1983 hearing, St. John stated to the court that he

wanted the court to accept the plea agreement, that he was making his plea voluntarily, and that he was satisfied with the representation which he received from the State Public Defender's Office. After this hearing, the court denied St. John's second petition for post-conviction relief and this appeal ensued.

## DECISION

Before we discuss the issues we note that in a post-conviction proceeding the petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. *Johnson v. State* (1986), Ind., 502 N.E.2d 90; *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and to determine the credibility of witnesses. *McHugh, supra.* Thus, we will not set aside the post-conviction court's ruling unless the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Id.; Johnson, supra.*

## ISSUE I

### *Illegal Sentence*

St. John first contends that the sentence he received pursuant to his October 1983 plea agreement was erroneous. He claims that (1) since he received an erroneous concurrent sentence instead of a consecutive sentence, the court has a duty, upon request, to correct his sentence and (2) since the court must impose a more severe sentence than it originally imposed pursuant to the plea agreement, the court must allow him to withdraw his guilty plea.

On October 31, 1983, St. John pled guilty to the 1978 burglary and the court sentenced him to a two year term of imprisonment to be served *concurrently* with his eight year sentence imposed for his 1980 burglary conviction. St. John argues that the court was required by statute to impose *consecutive*, rather than concurrent sentences. Specifically, St. John argues that his concurrent sentences violate I.C. § 35–50–1–2(b). This statute requires consecutive sentences for crimes that are committed in a certain sequence. At the time of this case,[1] the relevant provisions of I.C. § 35–50–1–2(b) provided:

> (b) If a person commits a crime:
>
> (1) after having been arrested for another crime; and
>
> (2) before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Our supreme court has interpreted this statute as requiring mandatory consecutive sentences where a subsequent crime occurs after sentencing for a prior crime. *Groff v. State* (1986), Ind., 488 N.E.2d 711, 712. Further, the statute does *not* require consecutive sentences where the subsequent crime is committed during the time period between arrest and sentencing for the prior crime. *Id. Hutchinson v. State* (1985), Ind., 477 N.E.2d 850; *Haggard v. State* (1983), Ind., 445 N.E.2d 969.

St. John contends that this statute applies to his situation because he committed the 1980 burglary *after* being arrested and convicted for the 1978 offense and *before* he was discharged from probation for the 1978 offense. Thus, St. John argues that the court was required to impose consecutive terms for the 1978 and 1980 offenses, despite the fact that he was sentenced for the 1978 crime after he was sentenced for the 1980 crime.

---

1. I.C. § 35–50–1–2(b) was amended in 1987 to provide:

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon on the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

The State argues that the concurrent sentence imposed by the court was not erroneous and not in violation of I.C. § 35–50–1–2(b). It contends that the effect of setting aside St. John's 1978 conviction rendered the prior proceedings null and void. Thus, when St. John committed the 1980 burglary he was not on a valid term of probation and the statute does not apply.

The State cites *Brown v. State* (1983), Ind.App., 458 N.E.2d 245 to support the proposition that setting aside a prior conviction renders that conviction void. Although *Brown* does not specifically so hold, it does state "that the effect of an appellate court's reversal of a judgment is to vacate and nullify the trial court's judgment, restoring the parties to the position they held before judgment." *Id.* at 250. (citing *Doughty v. State Dept. of Public Welfare* (1954), 233 Ind. 475, 121 N.E.2d 645 and *Hunter v. Hunter* (1973), 156 Ind. App. 187, 295 N.E.2d 834). In *Brown,* defendant Brown, while on probation, committed the crime of involuntary manslaughter and was convicted of that crime. Based *solely* on a certified copy of the conviction, his probation was revoked. Later, however, his conviction for involuntary manslaughter was reversed, not on the merits but for the reason that the trial court erred in refusing to dismiss the indictment (presence of unauthorized persons during grand jury proceedings). Our second district concluded that Brown properly raised—in a post-conviction petition for relief from the probation revocation—the question of whether the reversed involuntary manslaughter conviction could support a probation revocation. The court observed that the revocation was not based on the underlying facts of the manslaughter charge, but, rather, on the fact that he was convicted of that charge. Thus, it concluded that, since the conviction had been reversed and was a nullity, it could not support a probation revocation.

■ The case before us presents an analogous situation. When St. John's petition for post-conviction relief from his 1978 guilty plea was granted, his 1978 conviction was vacated and nullified and St. John and the State were restored to the position they held before the judgment of conviction. Thus, in 1980, when he committed the second burglary, he was not, for the purposes of the 1983 sentence, on probation and I.C. 35–50–1–2(b) was not applicable.

While we have found no Indiana case stating what effect setting aside a prior conviction would have on the application of I.C. 35–50–1–2(b), we find the reasoning of recent habitual offender cases helpful in determining whether this statute applies to the facts of this case. In *Olinger v. State* (1986), Ind., 494 N.E.2d 310, a defendant moved to set aside his habitual offender sentence enhancement after one of two underlying convictions supporting the enhancement was set aside in a post-conviction relief proceeding. The trial court denied the defendant relief on the theory that the prior conviction was not void, but merely voidable. The trial court reasoned that since the underlying conviction was in full force and effect at the time of the habitual offender conviction, the fact that it was later set aside should not be grounds to set aside the habitual offender status. However, our supreme court disagreed. Although our supreme court did not specifically state that the prior conviction was void, the court did vacate the habitual offender status noting that one of the necessary supporting convictions had been set aside.

Similarly, in *Coble v. State* (1986), Ind., 500 N.E.2d 1221, a defendant, who was sentenced as a habitual offender, moved to correct his sentence after one of the two felony convictions supporting his habitual offender determination had been set aside in a post-conviction relief proceeding. The trial court denied this motion and the defendant appealed. On appeal, the State argued that the sentence imposed after a habitual finding is the sentence for a new crime, not a reimposition of the sentence for any prior felony; and that the purpose of such enhanced sentence is to more severely penalize persons who are undeterred from criminal activity despite their prior convictions. The State claimed that this principle would be violated by allowing a repudiation of a jury's habitual offender

finding, since the later post-conviction relief in no way alters the truth of the fact that at the time of the most recent offense, the defendant was undeterred by his record of two or more prior convictions. However, our supreme court again rejected this argument. The court noted that our habitual offender statute specifically provides that a conviction will not count as a prior unrelated felony conviction if it has been set aside.[2] The court noted that while this result is contrary to the State's argument, it is consistent with the rationale and plain language of the statute. The court stated that the habitual offender sentence enhancement could not be based upon prior convictions which have been set aside either before or after the habitual offender determination. Thus, the defendant in *Coble* was entitled to be resentenced.

 We find our supreme court's rationale in these habitual offender cases support our conclusion on this issue. In this case, the statute in question requires the enhanced penalty of consecutive sentences when a person commits a crime after having been arrested and sentenced for a previous crime and before being discharged from probation, parole, or a term of imprisonment for that previous crime. The statute says nothing about what effect the setting aside of a prior conviction would have on the application of I.C. 35–50–1–2(b). However, it seems consistent with the statute that if, at the time of sentencing for the subsequent crime the previous conviction had been set aside, there would be no basis for the application of this statute. This result would apparently be the same under the reasoning of *Olinger, supra* and *Coble, supra,* if the previous conviction is set aside *after* sentencing for the subsequent crime.

In the present case, St. John committed the 1980 offense after being convicted and sentenced for the 1978 crime. However, St. John's 1978 conviction was later set aside in October of 1983. Thus, the prior conviction, which might have supported the enhanced penalty of consecutive sentences, was vacated. When St. John was resentenced in 1983 there was no basis for the application of the statute and the trial court was not required to impose the enhanced penalty of consecutive sentences pursuant to I.C. 35–50–1–2(b).

 St. John's claim that he is continually at risk of having the State correct his sentence to a more severe, consecutive sentence at some point in the future is without merit. First, St. John's sentence is not erroneous. Thus, the State has no basis for requesting a change in his sentence. Second, assuming St. John was required to receive a consecutive sentence in accordance with I.C. 35–50–1–2(b), he cannot successfully claim prejudicial error as he received a lesser punishment than that prescribed by statute, *Harvey v. State* (1986), Ind., 498 N.E.2d 1231, 1235, nor can he enter into a plea agreement calling for an illegal sentence, benefit from that sentence and then later claim the illegality of the sentence. *Collins v. State* (1987), Ind., 509 N.E.2d 827, 833.

In *Harvey, supra,* a defendant alleged in his petition for post-conviction relief that the trial court erroneously sentenced him to one year terms for his convictions for two Class D felonies. The applicable statute provided that the sentence for a Class D felony was two years. Harvey claimed that since his sentence was erroneous, his Class D felonies were required to be reduced to Class A misdemeanors. Our supreme court agreed that his sentence was erroneous, but refused to grant him relief or modify his sentence holding that "an appellant cannot successfully claim prejudicial error because he received a lesser punishment than that prescribed by statute." *Id.* at 1235.

2. Our habitual offender statute, IND.CODE § 35–50–2–8, provides in part:
 (b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felo-

ny convictions. However, a conviction does not count for purposes of this subsection if:
 (1) it has been set aside; or
 (2) it is one for which the person has been pardoned.

In *Collins, supra,* a defendant sought by direct appeal from a habitual criminal finding to challenge one of his predicate felony convictions as facially infirm for the reason that the trial court had illegally suspended his sentence for manslaughter. The court first noted the rule that such collateral attacks were not appropriately raised in habitual offender trials and, second, stated that even if they were subject to a collateral attack, "a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Id.* at 833.

In *Collins, supra,* the defendant received an incorrect but beneficial sentence pursuant to a plea agreement. Our supreme court would not allow the defendant to correct his sentence, suggesting that the defendant was bound by the agreement. We can infer that the State was bound by this plea agreement as well. Similarly, in *Harvey, supra,* our supreme court held that the defendant could not claim prejudicial error because he received a lesser punishment than that prescribed by statute. Again we must infer that the improper, but beneficial, sentence was binding on the defendant and the State. Returning to the present case, St. John was sentenced pursuant to a plea agreement. He bargained for and received a two year sentence to run concurrently to the eight year term he was serving. St. John has benefitted from this agreement as it permitted a reduction of his sentence and enabled him to make an early departure from his commitment to the Indiana Department of Corrections. Under the authority of *Collins, supra* and *Harvey, supra,* he cannot now complain that his sentence is illegal. Both St. John and the State are bound by this plea agreement. Thus, St. John is not at risk of having the State change his sentence to a more severe, consecutive sentence at some point in the future.

3. The record reveals that the Indiana Department of Corrections complied with the court's sentencing order and discharged St. John on or

## ISSUE II

### *Alleged Prosecutorial Misconduct*

Next, St. John claims that the prosecutor's action of offering him an agreement providing for a favorable, but illegal sentence recommendation amounted to misconduct. St. John relies on *Nash v. State* (1981), Ind.App., 429 N.E.2d 666, and states that it is improper for a prosecutor to induce a plea by a promise to forego some action that is not permitted by law. *Nash* involved circumstances in which a prosecutor improperly threatened to file a habitual offender information against a defendant when such charge could not be proven. The defendant in *Nash* pleaded guilty based upon the reasonable misapprehension that he was avoiding a possible thirty year sentence enhancement.

*Nash* may be distinguished from the present case. The defendant in *Nash* acted under a clear misunderstanding to his detriment. Here, St. John did not act under a misunderstanding of the consequences of pleading guilty. He relinquished his right to trial in return for a clear benefit, a reduced sentence which he in fact received.[3]

Finally, our supreme court has stated that the occurrence of prosecutorial misconduct does not generally warrant a reversal unless, considering all the circumstances, the misconduct placed the defendant in a position of "grave peril" or evidences a deliberate attempt to improperly prejudice the defendant. *Collins, supra.* In the present case, we find that the actions of the prosecutor in recommending a concurrent sentence did not place St. John in a position of "grave peril" or represent an attempt to improperly prejudice him. In fact, St. John has not shown any prejudice resulting from his concurrent sentences. Thus, the post-conviction court properly concluded that there was no prosecutorial misconduct.

about May 19, 1984 from his October 31, 1983 sentence.

## ISSUE III

### Voluntariness of Plea

Next, St. John contends that his 1983 guilty plea was not knowingly and intelligently entered as he was not apprised that the sentence he would receive was erroneous. As we have determined, St. John's sentence was not erroneous, thus, this argument fails. In any event, he cannot complain as he received a beneficial sentence. *Harvey, supra, Collins, supra.*

## ISSUE IV

### Ineffective Assistance of Counsel

Next, St. John contends that he was denied effective assistance of counsel. The standard for judging claims of ineffective assistance of counsel is whether a defendant received "reasonably effective assistance." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Burr v. State* (1986), Ind., 492 N.E.2d 306. Our scrutiny of counsel's performance is highly deferential, *Id.*, and our supreme court has stated that it will not speculate as to what may have been the most advantageous strategy in a particular case. *Davis v. State* (1983), Ind., 446 N.E.2d 1317. There is a presumption that counsel is competent and an appellant must present strong and convincing evidence to rebut this presumption. *Strickland, supra; Burr, supra.* To reverse a conviction for ineffective assistance of counsel a defendant must show (1) that his counsel's errors were unreasonable, and (2) that these errors prejudiced his defense. The defendant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland, supra; Burr, supra; Brockway v. State* (1987), Ind., 502 N.E.2d 105.

In *Burse v. State* (1987), Ind., 515 N.E.2d 1383 our supreme court recognized that the second step of the *Strickland* test must be modified when a claim of ineffective assistance of counsel is made by a defendant who pleads guilty. The court stated:

> "However, when a defendant opts to plead guilty rather than proceed to trial the second component of the *Strickland* test is modified. A defendant, rather than needing to show prejudice, must show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' *Hill v. Lockhart* (1985), 474 U.S. 52, 100 S.Ct. 366, 88 L.Ed.2d 203."

*Burse,* 515 N.E.2d at 1385–1386.

St. John contends that he was denied effective assistance of counsel because his counsel (1) coerced him into signing the plea agreement, (2) negotiated an agreement that contained an illegal sentence, and (3) failed to advise him of the consequences of pleading guilty and receiving an illegal sentence.

A review of Kathy Kelley's testimony at the hearing on August 3, 1987 reveals that she thoroughly considered the circumstances presented in St. John's case. Kelley interviewed St. John on two occasions at the Indiana State Farm. She kept him apprised of all new developments in his case. Kelley wrote St. John on October 3, 1983 regarding his post-conviction relief proceeding and explained the State's proposed plea agreement. Kelley did not order St. John to accept the proposed plea agreement under threat of discontinuance of her services. Finally, St. John stated to the court at the October 31, 1983 post-conviction relief hearing, that he was satisfied with the representation which he had received and that no one had forced him to accept the plea agreement. We have already determined that St. John's sentence was not erroneous. Thus, Kelley's negotiation of the plea agreement was not error. St. John has failed to demonstrate that his counsel's performance was deficient or that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial", *Burse, supra* at 1386. Therefore, the post-conviction court was correct in concluding that St. John received effective assistance of counsel.

## ISSUE V

### Double Jeopardy

Finally, St. John claims that he was denied his right against double jeopardy be-

cause he received multiple punishment for the same offense. St. John received an enhanced eight year sentence for his 1980 burglary. The court enhanced the presumptive sentence of five years by three years for aggravating circumstances. The court found three aggravating factors, including the fact that St. John was on probation for the 1978 offense at the time he committed the 1980 crime. Subsequently, on October 31, 1983 the court vacated St. John's 1978 guilty plea, St. John repled guilty and the court resentenced him for the 1978 offense. St. John contends that the sentence enhancement and the sentence received on October 31, 1983 amounted to multiple punishment for the same offense. St. John argues that he should not have been found guilty and resentenced for the 1978 offense unless his prior sentence enhancement for the 1980 offense had been set aside.

▬▬▬ Double jeopardy principles are not invoked under the circumstances of this case. Indiana courts have recognized that sentence enhancements based on prior criminal convictions do not constitute multiple punishment in violation of the double jeopardy clause. *Wise v. State* (1980), 278 Ind. 498, 400 N.E.2d 114, 117; *Finney v. State* (1986), Ind.App., 491 N.E.2d 1029, 1032. In addition, the record reveals that the trial court based the enhancement on three aggravating factors: (1) that St. John was on probation at the time of the second offense, (2) that St. John might commit another crime, and (3) that suspension of the sentence would depreciate the seriousness of the offense. Any one of these factors could serve as the basis for sentence enhancement. Thus, St. John's sentence was not improperly enhanced. Neither his 1978 or 1980 sentences violate double jeopardy principles. Thus, the trial court did not err in denying St. John's petition for post-conviction relief.

The judgment of the trial court is affirmed.

ROBERTSON and HOFFMAN, JJ., concur.