Larry THOMAS, Appellant–
Petitioner Below,

v.

STATE of Indiana, Appellee–
Respondent Below.

No. 45A03–9402–PC–80.

Court of Appeals of Indiana,
Third District.

Oct. 6, 1994.

Transfer Denied Dec. 14, 1994.

Susan K. Carpenter, Public Defender, Amy E. Karozos, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Larry Thomas ("Thomas") appeals the denial of his petition for post-conviction relief following his convictions for kidnapping and criminal deviate conduct. Thomas presents two issues for our review, only one of which we must address: whether Thomas was denied the effective assistance of appellate counsel.[1]

We affirm.

The relevant facts reveal that a jury convicted Thomas of kidnapping and criminal deviate conduct in February, 1985. Our supreme court affirmed his convictions on direct appeal. *Thomas v. State* (1987), Ind., 509 N.E.2d 833. Thomas filed a *pro se* petition for post-conviction relief on May 9, 1985, which was amended by his court-appointed public defender on June 19, 1992. After an evidentiary hearing, the post-conviction court denied Thomas' petition and this appeal ensued.

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.*

 Reversal for ineffective assistance of counsel is appropriate only in cases where a defendant shows both that counsel's perfor-

---

1. Thomas also raises the issue of ineffective assistance of trial counsel. This issue was not raised in his direct appeal and is therefore waived for post-conviction purposes. *Williams v. State* (1984), Ind., 464 N.E.2d 893, 894. Thomas attempts to circumvent waiver by alleging ineffective assistance of appellate counsel. Because we conclude that Thomas' appellate counsel was not ineffective, this argument is without merit.

mance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 123, *reh. denied* (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). A claim of ineffective assistance must identify the particular claimed errors. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.*

▇ Thomas argues that his appellate attorney was ineffective for failing to raise issues included in the motion to correct errors filed by his trial attorney. In *Ingram v. State* (1987), Ind., 508 N.E.2d 805, our supreme court addressed the issue of whether appellate counsel is required to present all issues contained in a motion to correct errors:

> [Appellate counsel] need not raise on appeal an issue that appears to be an improper subject for post-conviction relief or is deemed frivolous by counsel as a matter of professional judgment. It is incumbent on appointed counsel to advance on appeal all issues that are not frivolous. Following *Jones* [*v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987], this Court held that criminal appellants do not have an absolute right to require appellate counsel to raise and argue every issue that the appellant desires to be raised on appeal.

*Id.* at 808–809 (citations omitted), *see also Collier v. State* (1991), Ind.App., 572 N.E.2d 1299, 1302, *trans. denied.* The issue thus becomes whether Thomas' appellate attorney exercised reasonable professional judgment when she failed to raise on appeal several allegations contained in Thomas' motion to correct errors.

Thomas' motion challenged several evidentiary rulings of the trial court. As the post-conviction court noted, Thomas failed to spe-cifically identify the claimed errors as our standard of review requires, and as a result has waived appellate review. *Bellmore, supra.* Notwithstanding waiver, the post-conviction court reviewed the trial record extensively and found that the challenged evidentiary rulings were well within the trial court's discretion. We see no reason to disturb these findings on appeal.

▇ Thomas' motion to correct errors also contained a request for a new trial based on newly discovered evidence, namely the testimony of two witnesses who were unavailable at trial. Whether to grant a new trial on these grounds is a matter within the sound discretion of the trial court. Denial of such a motion will be reversed only on a showing of abuse of that discretion. *Rhymer v. State* (1994), Ind.App., 627 N.E.2d 822, 823, *trans. denied.* In order to demonstrate that newly discovered evidence merits a new trial, the petitioner must establish by a preponderance of the evidence each of the following elements: 1) the evidence was discovered after the trial; 2) it is relevant and material; 3) it is not cumulative; 4) it is not merely impeaching; 5) it is not privileged or incompetent; 6) due diligence was used to discover it prior to trial; 7) it can be produced at retrial; 8) it is worthy of credence; and 9) it will probably produce a different result. *Id.* at 823–824.

▇ Because an ineffective assistance of counsel claim requires that the defendant show a reasonable probability that counsel's deficient performance altered the outcome of the case, Thomas must satisfy each of these elements before his counsel will be deemed ineffective for failure to raise the issue on appeal. This he fails to do. These potential witnesses did not testify at a hearing on the motion to correct errors or at the post-conviction hearing, nor did Thomas demonstrate that they would be available to testify at retrial. Although Thomas contends that these witnesses were unavailable at trial, he offers no evidence that the subject matter of their testimony was not discoverable prior to trial. Because the record indicates that the trial court properly denied Thomas' motion on this ground, his appellate counsel cannot

be deemed ineffective for failing to raise it on appeal.

 Finally, Thomas argues that his appellate counsel was ineffective because she failed to raise the issue of ineffective assistance of trial counsel. This claim is based on his trial attorney's failure to challenge the conduct of the police incident to Thomas' initial questioning, as well as an alleged illegal search of Thomas' residence. According to Thomas, his trial attorney should have moved to suppress this evidence, which he alleges was unlawfully obtained by police prior to his arrest.[2] However, the trial transcript indicates that the challenged statements and physical evidence were used primarily for identification purposes, which Thomas conceded at trial. Given the limited probative value of the evidence at issue, trial counsel's failure to exclude it cannot be considered so prejudicial as to deprive him of a fair trial. Because we conclude that Thomas' allegations of ineffective assistance of trial counsel are without merit, his appellate counsel cannot be deemed ineffective for failing to raise them on direct appeal. *Collier, supra.*

Because Thomas failed to establish any grounds for relief, the post-conviction court properly denied his petition.

Affirmed.

GARRARD and ROBERTSON, JJ., concur.

---

2. The police officer's testimony indicated that neither his questioning of Thomas nor his confiscation of Thomas' clothing occurred during an arrest or an investigatory stop invoking Thomas' procedural rights. In fact, the officer testified that he arrived at Thomas' home prior to receiving any report regarding the crimes of which Thomas was ultimately convicted. Instead, the officer was responding to a call regarding Thomas' gunshot wounds. Thomas had been shot by his victim.