**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Oct 26 2012, 8:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATT D. NIBLICK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A04-1203-CR-132 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1110-FB-25

**October 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In 2011, Matt D. Niblick sold methamphetamine ("meth") to a confidential informant ("CI") who was working with the local drug task force.  The transaction was recorded, and the State subsequently charged Niblick with class B felony meth dealing.  Niblick pled guilty via a plea agreement that left sentencing open to the trial court's discretion, but set a fifteen-year cap.  At sentencing, the trial court noted Niblick's extensive criminal record and probation failures and sentenced him to a fifteen-year executed term.

Niblick appeals, claiming that his sentence is inappropriate in light of the nature of the offense and his character.  Finding that he has failed to meet his burden of establishing that his sentence is inappropriate, we affirm.

**Facts and Procedural History**

In September 2011, a CI, acting in conjunction with the Adams/Wells Drug Task Force, participated in a controlled meth buy from Niblick.  The CI, who was wired with a recording device, met Niblick at the designated spot, and Niblick sold him one gram of meth for $80.

The State charged Niblick with one count of class B felony dealing in meth, which carries a sentencing range of six to twenty years, with a ten-year advisory term, and which was nonsuspendible due to his prior unrelated class B felony conviction for dealing in a controlled substance.[1]  Niblick entered into a plea agreement pursuant to which he agreed to plead guilty as charged in exchange for open sentencing with a sentence cap of fifteen years.

---

[1]  Ind. Code §§ 35-50-2-5, 35-50-2-2(b)(1).

At sentencing, the trial court found that there were no mitigating circumstances and that Niblick's extensive criminal history, which spanned from age nine to age thirty-one, and his repeated failure to comply with alternative sentencing arrangements amounted to aggravating circumstances sufficient to justify a fifteen-year executed term.

Niblick now appeals.[2] Additional facts will be provided as necessary.

**Discussion and Decision**

Niblick contends that the trial court erred in sentencing him to a fifteen-year term. Although he uses "abuse of discretion" terminology, he essentially argues that the trial court imposed an inappropriate sentence under Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm, reduce, or increase the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482,

---

[2] We note that Niblick's plea agreement contains a waiver provision, and that in signing the plea agreement, he acknowledged that he was waiving his right to appeal his sentence. *Holloway v. State*, 950 N.E.2d 803, 805 (Ind. Ct. App. 2011). However, because sentencing was left open to the trial court's discretion, subject to the fifteen-year cap, and because the trial court, prosecutor, and defense counsel advised Niblick at his guilty plea and sentencing hearings that he had the right to appeal his sentence, we find, and the State properly concedes, that his signed waiver cannot be enforced. *Id*. at 805-06.

490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218; *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

In considering the nature of a defendant's offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Anglemyer*, 868 N.E.2d at 494. Niblick was sentenced to fifteen years for class B felony meth dealing, which carries a six-to-twenty-year sentencing range and a ten-year advisory term. Ind. Code § 35-50-2-5. He characterizes his offense as an innocuous one in which he sold a miniscule amount of meth to a needy user in a friendly, nonviolent transaction. We agree that his offense was not particularly egregious in nature, but we must also consider his character.

Niblick's extensive criminal history and repeated noncompliance with alternative sentencing options bespeak an extremely unsavory character. His criminal record spans two decades, beginning with a criminal mischief adjudication at age nine, and runs the gamut from numerous misdemeanor convictions for resisting law enforcement, battery, and alcohol-related convictions to a 2003 class B felony conviction for dealing in a controlled substance.[3] He is a frequent flyer in the criminal justice system who has been in and out of juvenile detention and the Department of Correction since age thirteen. He cites one successful completion of probation as evidence of his good character, but his history of parole,

---

[3] Niblick argues that because he has fully served his sentences for his prior offenses, those offenses cannot now be considered in sentencing based on double jeopardy considerations. However, he has waived the issue for failure to develop a cogent argument with citations to authority. Ind. Appellate Rule 46(A)(8). Notwithstanding, we note that he is mistaken in invoking double jeopardy because sentence enhancements based on prior criminal convictions do not constitute multiple punishments in violation of constitutional protections against double jeopardy. *St. John v. State*, 529 N.E.2d 371, 379 (Ind. Ct. App. 1988), *trans. denied* (1989).

community correction, and probation violations indicates an overall pattern of noncompliance. He also asks that we give favorable consideration to the fact that most of his prior offenses have been nonviolent alcohol- or drug-related offenses. His record does include a lengthy string of such offenses, but it also includes a juvenile adjudication for battery resulting in bodily injury, an adult domestic battery conviction, and two adult convictions for battery resulting in bodily injury. Moreover, his adult conviction and juvenile adjudication for resisting law enforcement demonstrate his disrespect not only for society's laws, but also for the officers charged with enforcing those laws. Simply put, his pattern of disregard for the law, disrespect of law enforcement, and abuse of the leniency previously afforded him indicates a persistent failure to learn from his mistakes. Based on the foregoing, we find that Niblick has failed to meet his burden of demonstrating that his sentence is inappropriate. Accordingly, we affirm.

Affirmed.

RILEY, J., and BAILEY, J., concur.